## COURT OF APPEALS.
### Jan., 1907.

# PATRICK W. CULLINAN COMR. *v.* CHARLES FURTH-MAN * ET AL.

(187 N. Y., 160.)

(1). LIQUOR TAX LAW—SPECIAL AGENTS WHEN ACTING IN DISCHARGE OF DUTIES ARE PUBLIC DETECTIVES.

The special agents appointed by the state commissioner of excise under section 10 of the Liquor Tax Law (L. 1896, ch. 112, as amd. by L. 1897, ch. 312, and L. 1903, ch. 486) for the purpose of investigating matters connected with the sale of liquors, and in cases of criminal violations of the statute to make verified complaints thereof, are detectives, but public and official detectives as distinguished from private detectives; they are public officers engaged in the performance of duties prescribed by statute, and should not be treated by the courts or juries as private detectives, or with the suspicion that is associated with mere spotters, paid informers, and those that are given compensation dependent upon certain results being obtained; neither should the relation of special agents to the case in which they are witnesses be wholly withdrawn from the consideration of the jury.

(2). SAME—TRIAL—CHARGE AS TO WEIGHT TO BE GIVEN TESTIMONY OF SPECIAL AGENTS.

Where, upon the trial of an action brought by the state commissioner of excise upon a bond, given pursuant to section 18 of the Liquor Tax Law, for a violation of the provisions thereof by selling liquor on Sunday, the evidence for the plaintiff consisted of the testimony of the two special agents who had made the complaint, the evidence for the defendants consisting only of denials by the saloonkeeper, and the trial court had properly charged, in effect, that the jury might find whether or not the credibility of the special agents as witnesses was affected by their zeal in the performance of their duty, and then to give effect and credit to their evidence according to such finding, it is reversible error to further charge, at the request of the plaintiff, to the effect that the special agents were witnesses in discharge of their duty

---

*Cullinan* v. *Furthman*, 105 App. Div. 642, reversed.

and must not in any sense be treated as detectives, and that their testimony was entitled to the same weight as other disinterested witnesses, subject, of course, to the same tests as to its truthfulness, since such charge removed from the consideration of the jury the right to include in their tests of the truthfulness of the testimony of the agents, all consideration whatever of the agents' relation to the case and the manner in which they had obtained the information upon which their testimony was based.

(3). SAME—ERRONEOUS CHARGE AS TO DUTIES OF SPECIAL AGENTS BASED UPON FACTS NOT ESTABLISHED BY EVIDENCE.

It is reversible error also for the court to charge that the special agents were sent "for the purpose of ascertaining the truth apparently of rumors that had reached the department with reference to this man's place," where there was no evidence that rumors had reached the department concerning the saloonkeeper's place; certain reports had been made by the special agents, but there was no testimony relating to general rumors concerning the defendant's place of business.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 16, 1905, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Abraham Gruber* and *Henderson Peck* for appellants. The court erred in charging the jury that the special agents who testified in this case "must not in any sense be treated as detectives" and that "their testimony is entitled to the same weight as that of other disinterested witnesses." (*Cullinan* v. *Trolley Club,* 65 App. Div. 202; *Byrnes* v. *Matthews,* 12 N. Y. S. R. 81; *Lomer* v. *Meeker,* 25 N. Y. 361; *Decker* v. *Sexton,* 77 N. Y. S. R. 167; *Anon.,* 17 Abb. Pr. 48; *Schultz* v. *Schultz,* 83 App. Div. 375; *Moller* v. *Moller,* 115 N. Y. 466; *Matthews* v. *Moran,* 19 Misc. Rep. 24; *Rachen* v. *Mortan,* 26 Misc. Rep.

842; *Hoes* v. *R. R. Co.,* 5 App. Div. 151; *Bratt* v. *Ano,* 7 App. Div. 494.) The court further erred in telling the jury that these special agents went to the saloon in question for the purpose of ascertaining the truth apparently of rumors that had reached the department with reference to this man's place. (*Griffin* v. *White,* 32 App. Div. 630; *Sundheimer* v. *City of New York,* 176 N. Y. 497.)

*Herbert H. Kellogg* for respondent. None of the exceptions taken by the defendants were of any avail; the rulings of the trial justice upon the admission and exclusion of testimony were correct, and the charge was unexceptionable. (*Neil* v. *Thorn,* 88 N. Y. 270; *People ex rel. Phelps* v. *Oyer & Terminer,* 83 N. Y. 436; *Rheinfeldt* v. *Dahlman,* 19 Misc. Rep. 162; *Bank* v. *Slemmons,* 34 Ohio St. 142; *Bissel* v. *Starr,* 32 Mich. 297; *Bird* v. *Hudson,* 113 N. C. 203; *Vaughn Machine Co.* v. *Quintard,* 37 App. Div. 368; *Weymouth* v. *B., etc., R. R. Co.,* 2 Misc. Rep. 506; *Pendleton* v. *E. S. D. Co.,* 19 N. Y. 13; *Ankersmit* v. *Tuch,* 114 N. Y. 51.)

CHASE, J.:

This is an action upon a bond given pursuant to section 18 of the Liquor Tax Law (chapter 112, Laws of 1896, as amended by chapter 312, Laws of 1897, and chapter 486, Laws of 1903) by the defendant Furthman as principal, and the defendant company as surety.

The plaintiff alleges that the defendant Furthman violated the provisions of the bond by selling liquor on Sunday. On the trial the evidence of the plaintiff consisted of the testimony of two special agents of the state commissioner of excise, who testified that they went to the defendant Furthman's saloon on Sunday, September 11th, and found the side door open; that they entered the saloon and called for liquor, which they received, paid for and drank in the presence of the defendant Furthman.

The evidence of the defendants consisted of denials by the defendant Furthman. The issues were submitted to the jury and in the charge to them the court said:

" It is true that these men are agents of the Excise Department of the State. They, as you and I and counsel here, are engaged in the performance of public duties, and as such officers have a just and proper obligation imposed upon themselves, and are entitled to be justly and reasonably zealous in the performance of those duties. And so far as you shall find that those considerations impair or affect their credibility, if you find they do impair and affect it in any manner, why, to that extent, you are to subject them to that criticism. If, on the other hand, you find that their stories are reasonable and probable, and there is no reason to doubt their truthfulness, then you have a right to give effect and credit to the evidence which they have given."

The court also charged the jury that the defendant Furthman was an interested party and that they had the right to scrutinize his evidence. The charge relating to the agents and to the defendant was unobjectionable, but counsel for the plaintiff was not satisfied therewith, and asked the court to charge as follows:

" The special agents who testified in the case in behalf of the plaintiff were acting in the discharge of their duty, and they have no pecuniary interest whatever in the result of this action. They get nothing extra because they succeed in convincing the jury that they are telling the truth. They are here to do their duty and must not in any sense be treated as detectives. Their testimony is entitled to the same weight as that of other disinterested witnesses, subject of course, to the same tests as to its truthfulness."

The court so charged, and the defendants excepted. This charge was unobjectionable in part, but as a whole it was erroneous, because it removed from the consideration of the

jury the right to include in their tests of the truthfulness of the testimony of the agents, all consideration whatever of the agents' relation to the case and the manner in which they had obtained the information upon which their testimony was based.

Special agents are appointed by the state commissioner of excise at a fixed salary, and are subject to removal by him. Their duties are generally prescribed by statute. It is provided that special agents " Shall be deemed the confidential agents of the state commissioner, and shall, under the direction of the commissioner, and as required by him, investigate all matters relating to the collection of liquor taxes and penalties under this act and in relation to the compliance with law by persons engaged in the traffic in liquors. * * * He may investigate any other matters in connection with the sale of liquor and shall, under the direction of the state commissioner, make verified complaints of criminal violations of this act investigated by him, and forward the same to the state commissioner for examination, and if approved to be by him certified and forwarded to the district attorney for prosecution as provided in the case of other officers in section thirty-seven hereof." (Liquor Tax Law, sec. 10.)

In the practical work of the state department of excise one of the principal duties of special agents is to investigate violations of the Liquor Tax Law, and in doing so to secure the necessary evidence to establish such violations in actions or proceedings relating thereto or based thereon. In very many cases, as in the case now before us, the evidence is obtained by the agents personally requesting and obtaining liquor at a prohibited time. When liquors are sold to an agent at his request it does not make the person requesting the sale an accomplice in the transaction so as to require corroboration of his evidence as a matter of law to establish the fact, but an agent who in the manner I have stated investigates violations of the Liquor Tax

Law under the direction of the state commissioner of excise cannot be said to be in no sense a detective. To detect is to uncover; to discover; to find out; to bring to light; as to detect a crime, or a criminal. (Webster's Dictionary.) To uncover; lay bare; expose; show. (Century Dictionary.) The duty of a special agent is to uncover, discover, find out, bring to light, violations of the Liquor Tax Law. A person who thus detects violations of the Liquor Tax Law is in a sense a detective. He is a public and official detective as distinguished from a private detective. A private detective frequently gives testimony in a case where his compensation depends upon whether the person against whom the testimony is given is convicted or whether the party in the civil litigation for whom he testifies succeeds in the litigation.

Such a detective is materially interested in the result of the litigation, and his testimony should be scrutinized with care by the jury. Special agents are public officers engaged in the performance of duties prescribed by statute, and should not be treated by the courts or juries as private detectives, or with the suspicion that is associated with mere spotters, paid informers, and those that are given compensation dependent upon certain results being obtained. Neither should the relation of special agents to the case in which they are witnesses be wholly withdrawn from the consideration of the jury. Where a special agent whose duty it is to discover and establish the commission of crime, procures the sale of liquor to himself at a prohibited time for the purpose and with the intent of making a report of such violation to the commissioner of excise, and thereafter upon such report an action or proceeding is brought which depends for its successful termination upon the testimony of such agent, it is possible that the agent may become somewhat partisan, or biased in favor of the plaintiff and against the defendant to such an extent that consciously or unconsciously he will exaggerate the evidence against the accused and

disregard or overlook the evidence that would tend in his favor.

While the success or failure of a particular action or proceeding does not affect the compensation to be paid to a special agent, yet special agents like other employees are desirous of obtaining and retaining the good opinion of their employer or superior officer and of making a record for ability and efficiency. The retention by special agents of their positions doubtless depends in a large degree upon the opinion which the commissioner of excise entertains of them and of the work performed by them.

Where the testimony of special agents is wholly uncontradicted and it is reasonable and probable, it is sufficient in a civil action upon which to direct a verdict in accordance therewith. (*Cullinan* v. *Harley* [reported without opinion], 171 N. Y. 661.)

Where their testimony is contradicted, or it is unreasonable or improbable, the weight to be given to such testimony must be left to the jury. The court should not direct the jury that special agents " Must not in any sense be treated as detectives " nor that as a matter of law the testimony of special agents is entitled to the same weight as that of other disinterested witnesses. The relation of special agents to the case and their interests or prejudice therein, if any, should be left for the consideration of the jury on the facts appearing in each particular case.

The court also charged the jury that the special agents were sent " for the purpose of ascertaining the truth apparently of rumors that had reached the department with reference to this man's place." There was no evidence before the court that rumors had reached the department concerning Furthman's place. Certain reports had been made by the special agents but there was no testimony relating to general rumors concerning the defendant's place of business. We think this charge was erroneous.

30

The judgment should be reversed, and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, O'BRIEN, EDWARD T. BARTLETT, WERNER and HISCOCK, JJ., concur.

Judgment reversed, etc.