(120 App. Div. 662)

### CLEMENT, State Excise Com'r, v. BELANGER et al.

(Supreme Court, Appellate Division, Third Department. June 25, 1907.)

INTOXICATING LIQUORS—SLOT MACHINES IN LIQUOR SALOONS—ACTION ON BOND.

> Under Liquor Tax Law, Laws 1896, p. 50, c. 112, § 10, providing that the special agents appointed by the state commissioner of excise shall be deemed the commissioner's confidential agents, and shall under his direction investigate all matters relating to the collection of liquor taxes and penalties and to the compliance with the law by persons engaged in such traffic, it was error for the court, in a prosecution by the state excise commissioner on a liquor seller's bond for maintaining a slot machine in his barroom, in violation of section 18, to charge that the special agents of the excise commissioner, who played such machine to gain evidence against the defendant, were gamblers, and that there could not be gambling in defendant's saloon, for which he was subject to a penalty, and such gambling not have been done by the state agents who testified thereto.

Appeal from Trial Term, Albany County.

Action by Maynard N. Clement, as state commissioner of excise, against Joseph F. Belanger and the Fidelity & Casualty Company of New York. From a judgment in favor of defendants, and from an order denying plaintiff's motion for a new trial on the minutes, plaintiff appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

William G. Van Loon, for appellant.
Peter A. Delaney, for respondents.

SEWELL, J. This is an action to recover the penalty of a bond given pursuant to section 18 of the liquor tax law (Laws 1896, p. 61, c. 112). The complaint alleges that the defendant Belanger violated the provisions of the bond by permitting various persons to gamble, by operating a slot machine in the place where the traffic in liquors was carried on. The evidence of the plaintiff consisted of the testimony of five special agents of the excise department. One of these agents testified that he visited the defendant's saloon on the 21st day of January, 1903, and saw a slot machine in the barroom. Two of the agents testified that they operated a slot machine in the defendant's saloon on the 23d day of January, 1903, and won and lost money; and the other two agents testified that they visited the defendant's saloon on the following day, that they saw a slot machine there, and each of them won and lost money operating it. The defendant gave evidence

tending to show that there was no slot machine in the defendant's saloon or upon his premises upon the occasions in question.

The principal ground upon which we are asked to reverse this judgment is an exception by the plaintiff to the charge of the court. In the charge to the jury the learned trial judge said:

"It is the charge alleged in the complaint that these men gambled there. This cannot be made gambling for the defendant, and not for the plaintiff. If these men gambled there, they were gamblers engaged in that business at that time. There cannot be gambling here, which would mulct this defendant in damages, and the gambling not have been done by the witnesses produced by the plaintiff."

This charge was erroneous. Special agents are appointed by the state commissioner of excise. They are public officers, engaged in the performance of duties prescribed by statute. It provides that they—

"shall be deemed the confidential agents of the state commissioner, and shall, under the direction of the commissioner, and as required by him, investigate all matters relating to the collection of liquor taxes and penalties under this act and in relation to the compliance with law by persons engaged in the traffic in liquors." Liquor Tax Law, § 10.

We are of opinion that the operation of a slot machine by a special agent merely to secure evidence to establish the commission of a crime, or a violation of the liquor tax law, is not gambling. However this may be, there can be no doubt that the operation of the slot machine under such circumstances did not make the special agents gamblers. The word "gambler" is defined by the lexicographers as:

"One who gambles; especially one who makes gambling his business." Standard. "One who practices gambling." Worcester. "One who gambles; one who games or plays for money or other stake." Webster. "One who gambles; one addicted to gaming or playing for money or other stakes." Century.

In common parlance a gambler is one who follows or practices games of chance or skill, with the expectation and purpose of thereby winning money or other property. 20 Enc. L. & P. 871; Buckley v. O'Niel, 113 Mass. 193, 18 Am. Rep. 466. There is a marked distinction between such a person and a public officer, charged with the duty of investigating violations of the liquor tax law, who operates a slot machine only to secure evidence of such violation. Such an officer or agent is in no sense a party to an unlawful act. People v. Noelke, 94 N. Y. 137, 46 Am. Rep. 128; People v. Levoy, 72 App. Div. 55, 76 N. Y. Supp. 783; Cullinan v. Furthman, 187 N. Y. 160, 79 N. E. 989. He is not a gambler in the legal or common acceptation and meaning of the word, and it is readily perceivable that the characterization of the plaintiff's witnesses as gamblers was prejudicial. It gave the jury a low estimate of the value of the evidence of the special agents, and may have been potent in shaping the verdict.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to abide the event. All concur, except KELLOGG, J., not voting.