DANIEL J. BUCKLEY *vs.* MARGARET O'NIEL.

To say of one, "He makes his money easy; he keeps a gambling place," or to say of him, "He makes his money easy; he keeps a gambling hell," is equivalent to saying that he keeps a place resorted to for the purpose of illegal gaming, and is actionable.

TORT for slander. The declaration was as follows :

" And the plaintiff says the defendant publicly, falsely and maliciously accused the plaintiff of the crime of keeping and maintaining a common nuisance, to wit, a place and building resorted to for illegal gaming, by words spoken of the plaintiff substantially as follows, viz. : ' Buckley ' (meaning the plaintiff) ' keeps a gambling hell.' ' Dan Buckley ' (meaning the plaintiff) ' makes his money easy, he ' (meaning the plaintiff) ' keeps a gambling place.' ' My husband don't visit Dan Buckley's ' (meaning the plaintiff's) ' gambling den.' "

The defendant in the Superior Court demurred to the declaration, because the words therein set out did not, when taken in their natural sense, impute a crime. The court sustained the demurrer, and the plaintiff alleged exceptions.

*H. Kingman*, for the plaintiff.

*J. White*, for the defendant.

AMES, J. The word "gamble," as defined by the lexicographers, means "to game or play for money." In common parlance, a gambler is one who follows or practises games of chance or skill, with the expectation and purpose of thereby winning money or other property. To say of a man that he keeps a gambling place, or a gambling den, imputes that he keeps a place at which gambling is practised, and includes the idea that the place is resorted to for that purpose. The charge against the plaintiff is, among other things, that "he gets his money easy, he keeps a gambling place," — a form of expression which indicates that he has the habit of gaming for money, at his place, and with other persons, resorting there. As all such gaming is illegal, a charge of that kind conveys a criminal imputation. To call the place a "gambling hell" is a more intense and emphatic mode of expressing the same idea. Indeed that expression has, by the prac-

tice of good writers and by common use, acquired the meaning of a notorious place of promiscuous and public resort for the purpose of gaming ; a place devoted to business of that description. We can have no doubt, therefore, of the sufficiency of the declaration. It is not to be judged of with the strictness of a criminal indictment. It is enough if the charge contained in it, in its natural and obvious sense, and as it would reasonably be understood by persons hearing it, conveys the meaning attached to it by the plaintiff. *Exceptions sustained.*