## A. B. JOHNSON v. THE STATE.

*No. 6814. Decided June 7.*

1. **Transfer of Cases from District Court, etc.**—The "keeping of a house for public prostitution," etc., is an offense of which the County Court has jurisdiction. The order of the District Court transferring the indictment in this case omitted the word "county" before "court," and the defendant's plea to the jurisdiction of the County Court is based upon such omission. *Held,* that the omission is a manifest cler-

ical error, wherefore the plea was properly overruled. It can not be presumed that the District Court intended to transfer the indictment to a court which had no jurisdiction of the offense charged.

2. Same—Amendment—Certificate.—It was not error to permit the certificate of transfer to be amended by affixing thereto the impress of the seal of the District Court.

3. Keeping a Disorderly House, etc.—The Act of April 4, 1889 (Gen. Laws of 1889, p. 33), amending article 339 of the Penal Code, can not be invoked in the prosecution of a defendant for a violation of said article 339 prior to the date upon which the amendment took effect.

4. Same.—As originally defined by article 339—and that article in its original form was in force at the time alleged in this indictment—a disorderly house was a house "kept for the purpose of public prostitution, or as a common resort for prostitutes or *vagrants.*" The indictment in this case describes the house as a house "kept for the purpose of public prostitution, and as a common resort for prostitutes and *vagabonds.*" Defendant moved to quash that part of the indictment which charged that the house was kept as a resort for * * * vagabonds. *Held*, that the motion was properly overruled; but "vagrant" as used in the statute, and "vagabond" as charged in the indictment, not being equivalent nor convertible terms, the court should have stricken the word "vagabond" from the indictment as surplusage, and confined the proof to the charge that the house was kept for the purpose of public prostitution, or as a common resort for prostitutes.

5. Same—Evidence.—See the opinion *in extenso* for the substance of evidence *held* insufficient to support a conviction for keeping a disorderly house.

6. Penalty—Charge of the Court.—Instead of ameliorating, the amendment increased the penalty prescribed by article 339 of the Penal Code. The defendant did not elect to be tried under the law as changed, and the court charged the jury with respect to the penalty prescribed by the said article at the time the offense was committed. *Held*, correct.

APPEAL from the County Court of Mitchell. Tried below before Hon. W. C. McCallum, County Judge.

The opinion sufficiently states the case. The penalty assessed was a fine of $250.

*Smallwood & Smith*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.—No error was committed in overruling the defendant's plea to the jurisdiction of the County Court. It is evident from the record that the omission of the word "county" before the word "court" in the order of transfer was a clerical mistake. No other than the County Court had jurisdiction of the cause, and this court will not presume that the District Court intended to transfer the cause to a court not having jurisdiction thereof.

It was not error to permit the certificate of transfer to be amended by affixing thereto the impress of the seal of the District Court. Hasley v. The State, 14 Texas Ct. App., 217; McDonald v. The State, 7 Texas Ct. App., 113.

It is alleged in the indictment that the defendant "did unlawfully keep a house for the purpose of public prostitution, and as a common resort for prostitutes and *vagabonds.*"

Defendant moved to quash that portion of the indictment which charges that the house was kept as a common resort for prostitutes and vagabonds, which motion the court overruled. At the time of the alleged commission of the offense article 339 of the Penal Code was in force, and that article declares a disorderly house to be one "kept for the purpose of public prostitution, or as a common resort for prostitutes and *vagrants.*" This definition has been changed by an amendment of said article (Acts 1889, p. 33), but the offense, if an offense was committed, having transpired prior to said amendment was not affected thereby. Penal Code, art. 18. It was not error, therefore, to overrule the motion to quash said portion of said indictment upon the ground that it charged no offense against the law. But we think the motion should have been sustained to the extent of striking out the word "vagabonds." That word is not used in the statute defining the offense, and it is not equivalent to the statutory word "vagrant."

By force of statute, common prostitutes and professional gamblers are *vagrants* (Penal Code, art. 385), but such persons are not necessarily *vagabonds*. In this case evidence was admitted that professional gamblers frequented the house kept by the defendant, and it may have been upon this evidence that the jury convicted the defendant. If the word vagrants instead of the word vagabonds had been used in the indictment such evidence would have been legitimate, but it was not admissible under the charge that vagabonds resorted to the house. We think the word "vagabonds" should have been stricken from the indictment as surplusage, and that the evidence should have been confined to the charge that defendant kept the house for the purpose of public prostitution, or as a common resort for prostitutes.

Considering then the evidence, excluding that which relates to professional gamblers, we are of the opinion that it does not warrant the conviction. There is not a particle of evidence that defendant kept the house for the purpose of public prostitution. He kept the house for the purposes of selling beer, cigars, etc., and for a variety theatre, businesses licensed by law, and for the privilege of conducting which he had paid the license tax imposed by the law. He had women in his employment in said house who bore the general reputation of being common prostitutes, but they were employed in the conduct of his legitimate business, and were not there for the purposes of prostitution. Women of soiled reputations for chastity visited the house to witness the theatrical performances, and to purchase such articles as the defendant kept for sale and as they desired. It was not a house kept as a common resort for prostitutes within the meaning of the law, so far as is shown by the evi-

dence before us.    Harmes v. The State, 26 Texas Ct. App., 190; McElhaney v. The State, 12 Texas Ct. App., 231.

There was no error in the charge of the court as to the penalty.    By the amendment of 1887 to article 339 of the Penal Code, the punishment was increased and not ameliorated, and the defendant not having elected to be tried under the law as changed, it was proper to direct the punishment prescribed by said article as it was at the time of the commission of the offense.    Penal Code, art. 15.

Because the court erred in not striking from the indictment the word "vagabonds," and because the conviction is not supported by the evidence, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.