# Lowman *v.* The State.

## *Murder.*

(Decided June 2, 1910.—52 South. 638.)

1. *Jury; Competency; Challenge; Witness.*—The discharge of a witness after he had been summoned as a juror did not render him competent to serve as against the objection of the opposite party under subdivision 10, section 7276, Code 1907.

2. *Witnesses; Examination; Re direct.*—In explanation of the interest a witness had in going to defendant's wife to get her statement it was competent for the state to ask the witness on redirect examination why he went to defendant's wife to get a statement from her, and the court did not err in admitting the answer that he went to her to ascertain whether the son of the witness or the witness himself was correct as to what defendant said his wife told him about another going into the house.

3. *Appeal and Error; Harmless Error; Evidence.*—It was not prejudicial to the accused to permit the state to ask a witness whether he had testified in the federal court nor was his answer that he had at one time, it not appearing what the testimony was.

4. *Same.*—Where the question was answered in the negative, it was harmless error to permit a question as to whether the deceased was in the habit of cursing and swearing or not.

5. *Homicide; Evidence; Declaration.*—Where the prosecution was for homicide, the declaration of a third person made in defendant's presence that they were going to whip the deceased, was admissible, the witness testifying that both the defendant and the third person made the declaration.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

From a conviction of manslaughter in the first degree George Lowman appeals. Affirmed.

See also 161 Ala. 47; 50 South. 43.

BILBRO & MOODY, for appellant. The court erred in permitting the state to challenge the juror Bailey because he had been a witness for the defendant.—Subd. 10, Sec. 7276, Code 1907. The court erred in permitting the witness to state whether or not the deceased was in

the habit of cursing and swearing.—*Sorrell v. Craig,* 9 Ala. 534; *Franklin v. The State,* 29 Ala. 14; *Benn v. The State,* 37 Ala. 103. Presumption of injury arises from the admission of incompetent evidence in criminal cases. *Baldwin v. The State,* 111 Ala. 11;*Commanded v. The State,* 89 Ala. 150.

ALEXANDER M. GARBER, Attorney General, for the State. The juror was properly challenger for cause.— *Baldwin v. The State,* 111 Ala. 11; *Commandry v. The State,* 60 Ala. 1; 1 Mayf. 540. Counsel discusses the assignments of error relative to evidence but without citation of authority.

SIMPSON, J.—The appellant was placed on trial for the crime of murder in the second degree and convicted of manslaughter in the first degree.

One Bailey, who had been a witness for the defendant, but was discharged after he had been summoned as a juror, was challenged for cause by the state and the cause sustained. There was no error in this. While subdivision 10 of section 7276 of the Code 1907 mentions as one of the causes "that he is a witness for the other party," yet it would be defeating the purpose of the statute to permit a party to render his witness competent as a juror against the objection of the state by discharging him as a witness after he had been summoned as a juror. It has frequently been held that one who has been summoned as a witness for the other party may be challenged for cause.—*Baldwin v. State,* 111 Ala. 11, 20 South. 528; *Commander v. State,* 60 Ala. 1.

On the authority of *Johnson v. State,* 102 Ala. 1, 16 South. 99, the court did not err in permitting the state to ask the witness George White on redirect examination why he went to the defendant's wife to get a statement from her, nor in overruling the objection to the

answer, to wit, "I went to her to ascertain whether my son or I was right as to what defendant said his wife had told him about Ellis going into the house." The court's remark that the testimony was admitted in explanation of the interest of the witness in going to defendant's wife to get her statement brought the testimony within the exception noted in said case.

There was no reversible error in overruling objections to the question to the defendant as to where Andy Cunningham was, or to the answer thereto. The court is satisfied that no injury resulted to the defendant by permitting the question to the defendant as to whether he had testified in the federal court and his answer that he had at one time it not appearing what the testimony was.—Code 1907, § 6264.

There was no error in admitting the declaration of Cunningham, made in the presence of the defendant, that they were going to whip the deceased. The witness stated that both the defendant and said Cunningham made the declaration. It tended to show with what purpose defendant sought the deceased and had a bearing on the question as to who was the aggressor.

The answer of the witness Bradley White as to whether or not the deceased was in the habit of cursing or swearing, to wit, "Not to my knowledge," did not result in any injury to the defendant. If he had doubted whether the witness knew what the habit of the deceased was, he could have questioned him as to his knowledge.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur.