# Southern Ry. Co. v. Hardin.

### Action for Injury to Passenger.

(Decided April 21, 1911.  55 South. 270.)

1. *Evidence; Declarations; Complaint of Pain.*—In an action against a common carrier for injury to a passenger complaints of pain, suffering, and symptoms indicative of injury made by the person injured are admissible.

2. *Trial; Objections to Evidence; Sufficiency.*—Where part of an answer is admissible an objection to the answer as a whole is properly overruled.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Rena Hardin against the Southern Railway Company, for injury to her while a passenger.  Judgment for plaintiff and defendant appeals.  Affirmed.

HOOD & MURPHREE, for appellant.  The court erred in admitting the evidence objected to as the answer made no reference to any suffering but was a statement to a third person about what happened at the time of the injury.—*R. & D. R. R. Co. v. Hammond*, 93 Ala. 181.

HUGH REID, for appellee.  The court did not err in the admission of testimony.—*K. C. M. & B. v. Butler*, 143 Ala. 262; *B. R. L. & P. Co. v. Rutledge*, 142 Ala. 195.  The judgment is not excessive.—*So. Ry. v. Crowder*, 130 Ala. 256.

[Southern Railway Co. v. Hardin.]

PER CURIAM.—Action for personal injuries.

On the cross-examination, by the plaintiff, of the witness Mrs. Hardin, she was asked: "Was she (plaintiff) complaining that afternoon (i. e., the day of the alleged injury)?" Complaints of pain, suffering, and symptoms indicative of injury, made by the party alleged to have been injured, are admissible in evidence.—*W. U. Tel. Co. v. Henderson,* 89 Ala. 510, 521, 7 South. 419, 18 Am. St. Rep. 148; *B'ham R. Co. v. Hale,* 90 Ala. 8, 10, 8 South. 142, 24 Am. St. Rep. 748; *B. R. L. & P. Co. v. Rutledge,* 142 Ala. 195, 202, 39 South. 338; *K. C., M. & B. R. R. Co. v. Butler,* 143 Ala. 262, 38 South. 1024. There was no error in allowing the question.

To the quoted question the witness replied: "Plaintiff stopped at my house that evening as she was going home; just said that she got hurt, hurt her back, the train *gave her a jerk."* The defendant moved the court to exclude the whole answer, which the court declined to do. The italicized part of the answer might well have been excluded, on properly limited motion, because it was a mere narration of the *cause* of the injury.—*Birmingham R. Co. v. Hale, supra.* But the motion assailed the answer as a whole, when parts of it were unobjectionable. The court cannot be put in error for overruling a motion embracing legal and illegal testimony. The objection must specify.

There is no merit in the assignment predicated upon the inquiry as to what position the witness Miss McCoy held at the time mentioned.

The judgment must be affirmed.

Affirmed.

NOTE.—The above opinion was prepared by Mr. Justice McClellan of the Supreme Court, before the transfer of the case to this court, and is adopted by this court.