# Minto v. The State.

### Keeping Gaming Table.

(Decided June 3, 1913.   Rehearing denied June 19, 1913.
62 South. 376.)

1. *Trial; Objection to Evidence.*—Where several questions are asked in one, an objection to the whole was properly overruled where some of the testimony called for was admissible.

2. *Appeal and Error; Harmless Error; Evidence.*—Where evidence was admitted without objection of the fact that the place had been visited by the police, the admission of further evidence that no gambling was going on at that time, and some one said that the police were coming, is not grounds for reversal even though it be conceded that it was improper.   (Section 6264, Code 1907.)

3. *Same.*—The overruling of an objection to a question is rendered harmless where the answer thereto was not prejudicial.

4. *Gaming; Evidence.*—The admission of evidence tending to prove that the place was arranged for gaming, and was resorted to for that purpose, is proper, although it should have been excluded unless evidence connecting defendant with the maintenance of the place be subsequently introduced.

5. *Same.*—In a prosecution for maintaining a gaming table, evidence that before a witness was admitted, some one looked at him through a peephole in the door in the stairway leading to the room, and as to the frequency of his visits, and that gambling was carried on there, is admissible.

6. *Same.*—The exclusion of an answer to a question as to whether the witness had ever been in the club-rooms of the Beauvoir, was proper, as there was nothing on the face of the question to suggest that the answer could throw any light on the present inquiry.

7. *Same.*—A witness who rented the premises in which the device was kept, in connection with the defendant, may testify that there was a take out from the games played there.

[Minto v. The State.]

8. *Same; Offense; Nature.*—Under section 6985, Code 1907, proof of financial profit from the keeping of a gaming table is not necessary to warrant a conviction, it being sufficient to show that defendant participated in the keeping of a gambling device.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Mike Minto was convicted of keeping a gaming table, and he appeals. Affirmed.

The exceptions to evidence sufficiently appear in the opinion. The charges referred to are as follows: (2) "Unless there is evidence in this case to the effect that the defendant obtained a part of the take-out or take-outs in the game testified about, then the jury must find the defendant not guilty." (4) "The court charges the jury that unless the jury is morally certain from the evidence, and the evidence alone, that the Capital City Association or this defendant received a part of or shared in the take-out testified to by the witnesses, then it is the duty of the jury to find this defendant not guilty." (7) "The court charges the jury that if they believe from the evidence that the only connection that defendant had with the game or games testified about by the witness was that defendant was an employee of the Capital City Association at a salary of $65 per month, which was paid to him from the dues paid by the members of the association, then the jury must find defendant not guilty."

HILL, HILL, WHITING & STERNE. No brief came to the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—In the course of the examination of the first witness introduced by the prosecution in ref-

erence to the place which was sought to be proved to have been the scene of the commission by the defendant of the offense charged, the following question was asked: "How did you get in; how was the entrance there; how many doors you went through before you get into the place; was there a gambling table there?" This was not a single question, but several questions asked together. The defendant objected to the inquiry as a whole. Part of it called for a statement of the witness descriptive of the place inquired about. This part of the inquiry certainly was not subject to objection. This being true, the objection going to the several questions as one whole was properly overruled.—*Theodore Land Co. v. Lynn,* 41 South. 682; *Southern Ry. Co. v. Hardin,* 1 Ala. App. 277, 55 South. 270.

As the charge against the defendant could be sustained by proving first that a table was kept or exhibited for gaming at a certain place and then that the defendant was interested or concerned as its keeper or exhibitor, it was permissible to admit evidence having a tendency to prove that the place in question was one arranged for gambling and resorted to for that purpose; such evidence being subject to exclusion unless subsequently other evidence was adduced connecting the defendant with the commission of the offense.

In connection with the statement previously made by the witness Parker as to the frequency of his visits to the place mentioned by him and as to gaming which was in progress there at such times, it was permissible to prove by this witness that when he went there, before he was let in, some one looked at him through a peephole in a door in the stairway leading to the room in question. The fact so deposed to was corroborative of the other evidence tending to prove that the place was kept and maintained for gambling purposes, and the court

[Minto v. The State.]

was not in error in overruling the objection to the question by which it was brought out. There was no lack of the requisite evidence to connect the defendant with the commission of the offense charged.

After the witness Brinsfield had without objection testified to the circumstance of two policemen's coming to the place above referred to on an occasion when several men were there but not engaged in gaming, the defendant objected to a question which elicited from the witness the statement that "some one in there said the police were coming." The fact of the visit of the policemen on that occasion being in evidence without objection, we cannot conceive how the defendant could have been prejudiced by the witness being permitted to add the statement to the effect that some one there made the remark that the police were coming. We are satisfied that no injury resulted to the defendant from the ruling the sole result of which was to let in testimony as to the making of such a remark on such an occasion. It follows that there cannot be a reversal because of that ruling.—Code, § 6264.

The question asked a witness for the state on his cross-examination, "Have you ever been in the club-rooms of the Beauvoir?" did not on its face indicate or suggest that the answer to it could shed any light on any issue in the pending case. Whether or not the witness had ever been at the place inquired about apparently was a matter having no relevancy to any issue to be passed on, and the court is not shown to have been in error in sustaining the objection to the question.

In connection with other evidence having a tendency to prove that the defendant was concerned in gaming carried on in rooms which the witness Sharp testified were rented by him and the defendant, it was permissible to elicit from that witness the fact that there was a

"take-out" in games of chance played for money in that place. Plainly such testimony in its connection with other testimony referred to had some tendency to support the charge made against the defendant.

The action of the court in overruling the objection to the question asked the witness Sharp, "Where did you get the drinks from?" is not a ground of reversal, as the question did not elicit any testimony which was at all prejudicial to the appellant.

To maintain the charge made in the indictment it was not incumbent on the prosecution to prove that the .defendant shared in the "take-out" or profit from the games testified about. The question was whether he kept or exhibited, or was interested or concerned in keeping or exhibiting, any table for gaming.—Code, § 6985. He might be guilty of the offense denounced by the statute, though the table testified about was not operated for hire or reward.—*Martin v. State,* 2 Ala. App. 175, 56 South. 64. There was testimony having a tendency to prove that the defendant was concerned in— that is, participated or took part in—keeping or exhibited a table for gaming. This was enough to show his guilty connection with the offense, though he was without a financial interest in any game testified about. —*Martin v. State, supra; United States v. Scott* (C. C.) 74 Fed. 213, 217; *State v. Bach Liquor Co.,* 67 Ark. 163, 55 S. W. 854. The statement of these propositions discloses a fault in each of the written charges refused to the defendant which justified the court's refusal to give it.

Affirmed.