# Robinson *v.* The State.

### Vagrancy.

(Decided August 1, 1916. 72 South. 592.)

1. **Vagrancy; Evidence; Associates.**—Where the prosecution was for vagrancy, as being a prostitute, evidence that the defendant was visited by persons of lewd reputation, that she associated with persons of ill repute, and that she had been seen at places frequented by prostitutes and places of ill repute, is admissible, as having a tendency to compromise her claim of innocence of the offense, notwithstanding these circumstances of themselves might be considered weak and inconclusive.

2. **Same; Loitering.**—In such a prosecution it was competent to introduce evidence that the defendant had been seen loitering around certain places where prostitutes commonly resorted, since loitering is a term having a well defined meaning in ordinary use, the collective acts constituting it being familiar to all persons.

3. **Appeal and Error; Finding of Court and Jury; Review.**—The rule that the finding of the court or jury, based upon evidence, given ore tenus, is not reviewable on written records, applies to the Pike law court, notwithstanding the act creating said court provides that the reviewing court shall indulge no prsumptions in favor of the finding of the trial court.

[Robinson v. The State.]

APPEAL from Pike Law Court.

Heard before Hon. T. L. BORUM.

Lucile Robinson was convicted of vagrancy, and she appeals. Affirmed.

W. E. GRIFFIN, for appellant.  WILLIAM L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was tried before a justice of the peace on a charge of vagrancy as a common prostitute (Code, § 7843, subsec. 9), was convicted and appealed to the law court of Pike county, where a jury trial was waived and trial had before the judge.  From the judgment of conviction of the. latter court this appeal is prosecuted.

(1) The court's rulings in permitting the state to show that the defendant was visited by persons of lewd reputation, and that she associated with persons of ill repute, were without error.— Toney v. State, 60 Ala. 97.  It is also proper in such cases to show that the defendant had been seen at places frequented by prostitutes, and places of low repute that had a tendency to compromise her claim of innocence of the offense charged.  Although these circumstances by themselves may be weak and inconclusive, they were matters the court had a right to consider in connection with other evidence tending to show the defendant's guilt, and there was no error in admitting them.—Williams v. State, 98 Ala. 52, 13 South. 333.

(2) The trial court properly allowed the state's witness to testify to having seen the defendant "loitering" around certain specified places where prostitutes commonly resorted.  "Loitering" is a term having a well-recognized meaning in ordinary use, the collective acts constituting which all persons are familiar with.—See 39 Cyc. p. 1110, and 3 Words and Phrases, Second Series, the words "loiter" and "loiterer," p. 182.

Under the principles announced in Toney's Case and Williams' Case, supra, other rulings of the trial court on the admission of evidence were without error.

(3) Conforming to the firmly established and familiar rule that the findings of the primary tribunal on the facts, which had the witnesses before it with an opportunity of observing their manner, demeanor, etc., will not be disturbed on review by an

[Lackner v. The State.]

appellate court on the written record unless clearly erroneous (*Winter-Loeb Gro. Co. v. Mutual Warehouse Co.*, 4 Ala. App. 431, 436, 58 South. 807, and authorities there cited) we are not prepared to say, after a careful reading of the evidence set out in the bill of exceptions, that the conclusion of the trial judge is plainly or palpably contrary to the weight of the evidence. The application of this rule obtains, notwithstanding the acts establishing the Pike law court (Local Acts 1888-89, p. 634; § 15; Local Acts 1890-91, p. 392, § 3; Local Acts 1903, p. 335, § 6) provide that no presumption in favor of the finding of the trial court shall obtain, and that the court of review shall render such judgment as the evidence seems to justify.—*Hackett v. Cash*, 196 Ala. 403, 72 South. 52; *Finney v. Studebaker Corp., etc.*, 196 Ala. 422, 72 South. 54.

Affirmed.