(76 South. 991)

BRANNON v. STATE.   (6 Div. 155.)

(Court of Appeals of Alabama.   June 5, 1917.
On Rehearing, Nov. 20, 1917.)

**1. CRIMINAL LAW ⟲1130(1) — APPEAL — BRIEFS—NECESSITY.**

The defendant in a criminal prosecution was within his legal rights in objecting to each question propounded, moving to exclude each answer, and excepting to each of the rulings on such objections and motions, and objecting and excepting to various remarks of the solicitor during the closing argument, and excepting separately to numerous parts of the charge and to the refusal of requested charges, and in failing to file any brief, notwithstanding his numerous exceptions, but in such case the appellate court will not undertake to specifically pass upon each exception noted, but will content itself with a general statement of the law applicable to the case.

**2. CRIMINAL LAW ⟲211(4)—AFFIDAVIT—SUFFICIENCY.**

An affidavit charging vagrancy in the language of the statute was sufficient.

**3. CRIMINAL LAW ⟲211(4) — AFFIDAVIT — BILL OF PARTICULARS.**

A motion for a bill of particulars in a prosecution for vagrancy, charged in the language of the statute, was properly overruled.

**4. CRIMINAL LAW ⟲665(1) — EXCLUSION OF WITNESSES—DISCRETION.**

It was within the sound discretion of the court to permit a witness for the state to remain in the courtroom during the trial.

**5. VAGRANCY ⟲1—ELEMENTS OF OFFENSE.**

Under Code 1907, § 7843, providing that the various persons therein specified are vagrants, each of the separate heads and all together constitute vagrancy, and a person violating any or all of the provisions thereof is guilty of a violation of the whole law against vagrancy.

**6. VAGRANCY ⟲2 — EVIDENCE ADMISSIBLE UNDER CHARGE OF VAGRANCY.**

Under a charge of vagrancy, it is competent to prove any fact tending to prove the commission of any of the acts denounced by the statute as constituting vagrancy.

**7. VAGRANCY ⟲3—EVIDENCE—ADMISSIBILITY—"VAGRANT."**

Under Code 1907, § 7843, providing that any person who leads an idle, immoral, or profligate life, has no property sufficient for his support, and who is able to work and does not work, is a vagrant, evidence is admissible on a trial for vagrancy that defendant is the constant associate of gamblers, prostitutes, and other evil persons, or is a hanger-on, keeper, proprietor, or employé of a gambling house or house of ill repute, or idles in one of the places designated in the statute, and that the places frequented or kept by him are frequented by gamblers and prostitutes.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Vagrant.]

**8. CRIMINAL LAW ⟲451(1)—OPINION EVIDENCE—COLLECTIVE FACTS—"GAMBLER."**

While, on the trial of a person charged with being a gambler, it would not be competent for a witness to testify that he was a gambler, on a trial for vagrancy, it is competent for a witness to testify that defendant's associates are gamblers, though they have never been prosecuted or convicted, as the word "gambler" has a well-defined meaning in common parlance as one who gambles, one given to gambling or playing for a stake, or one who follows or practices games of chance or skill with the expectation or purpose of thereby winning money or other property (quoting Words and Phrases, Second Series, Gambler).

**9. WITNESSES ⟲46 — COMPETENCY — POLICE OFFICERS.**

On a trial for vagrancy, the character of a hotel and a club with which defendant is shown to be connected may be proved by police officers.

**10. VAGRANCY. ⟲3—EVIDENCE—ADMISSIBILITY.**

On a trial for vagrancy, where evidence is introduced that a hotel and a club with which defendant is connected are gambling houses, evidence that there are other places in the city that have not been raided is immaterial.

**11. CRIMINAL LAW ⟲1169(11) — APPEAL — HARMLESS ERROR.**

While, on a trial for vagrancy, it was error to permit a witness to testify that he had sworn against defendant in another case, its admission was without injury.

**12. CRIMINAL LAW ⟲1169(2) — APPEAL — HARMLESS ERROR.**

Where, on a trial for vagrancy, it had been shown by competent evidence that one of defendant's associates was a gambler, it was not reversible error to permit a witness to testify that such associate had the reputation of being a gambler.

**13. VAGRANCY ⟲3—EVIDENCE—ADMISSIBILITY.**

On a trial for vagrancy, the general reputation of defendant's associates may be proved.

**14. VAGRANCY ⟲3—EVIDENCE—ADMISSIBILITY.**

On a trial for vagrancy, evidence that one of defendant's associates operated a gambling table at a club with which defendant was connected, and evidence giving the names of men and women known to be gamblers, and lewd women that frequented the places with which defendant was connected, and with whom he associated, was admissible.

**15. WITNESSES ⟲37(1) — COMPETENCY — KNOWLEDGE OF WITNESSES.**

On a trial for vagrancy, it is competent to prove by those who had occasion to observe the daily walks of defendant that he did not work.

**16. VAGRANCY ⟲3—EVIDENCE—ADMISSIBILITY.**

On a trial for vagrancy, evidence that at a club with which defendant was connected a quantity of liquor was captured by officers, when they made a raid, was admissible.

**17. CRIMINAL LAW ⟲1059(1)—RESERVATION OF GROUND OF REVIEW—SUFFICIENCY OF EXCEPTIONS.**

Exceptions to disjointed and disconnected remarks of the solicitor, not setting out enough for the court to pass upon, are not well taken.

On Rehearing.

**18. VAGRANCY ⟲3—EVIDENCE—ADMISSIBILITY.**

On a trial for vagrancy, evidence that a hotel with which defendant was connected was a gambling house was pertinent.

**19. CRIMINAL LAW ⟲448(2)—ADMISSIBILITY OF EVIDENCE—FACTS OR CONCLUSIONS.**

Testimony that a hotel with which defendant was connected was a gambling house was not a conclusion, as the witness did not testify to the reputation of the house, but to the fact that it was a house in which gambling was carried on.

**20. CRIMINAL LAW ⟲451(1).—ADMISSIBILITY OF EVIDENCE—FACTS OR CONCLUSIONS.**

Testimony that a room was furnished as an ordinary gambling room was not a conclusion, but a collective statement of a fact.

**21. VAGRANCY ⟲3—EVIDENCE—ADMISSIBILITY.**

Where, on a trial for vagrancy, a witness testified that he was present when a club of

which defendant was secretary was raided, and that a lot of whisky and beer was taken from the club, his further testimony that this was after the license had been revoked was not objectionable, as it was evidently for the purpose of fixing the time of the raid.

**22. CRIMINAL LAW ☞695(5)—RECEPTION OF EVIDENCE—SUFFICIENCY AND SCOPE OF OBJECTIONS.**

A general objection to evidence as immaterial, irrelevant, and incompetent, may be overruled, unless the evidence is manifestly illegal and irrelevant, and apparently incapable of being rendered admissible, in connection with other evidence.

**23. VAGRANCY ☞3—EVIDENCE—ADMISSIBILITY.**

On a trial for vagrancy, evidence that one of defendant's associates had been convicted of operating a gambling table in a club which defendant frequented was material, relevant, and competent.

**24. CRIMINAL LAW ☞1186(4) — REVERSAL — TECHNICAL ERRORS.**

Under the express provisions of Supreme Court rule 45 (61 South. ix [1]), errors which have not probably injuriously affected defendant's substantial rights do not constitute reversible error.

Appeal from Criminal Court, Jefferson County; A. H. Alston, Judge.

Jim Brannon was convicted of vagrancy and he appeals. Affirmed.

See, also, post, p. 689, 74 South. 1006.

The defendant was charged by affidavit, in the language of the statute, with the offense of vagrancy, was convicted, and from the judgment of conviction he appeals.

On the trial, the defendant demurred to the indictment, assigning the grounds that facts constituting the offense were not set out, and that the act is violative of the Constitutions of the state and of the United States. This demurrer was overruled, and the defendant filed a motion for bill of particulars, assigning eight grounds. This motion was over-ruled. When the state began the introduction of its testimony, the defendant objected to each question propounded. Each objection was overruled, and a separate motion was made to exclude the answer and overruled, and exception taken to the ruling. Objection was also made to six separate remarks of the solicitor, during the closing argument, and exceptions reserved to the court's action in overruling these objections. There were also 18 separate exceptions to parts of the court's oral charge. Besides these, there were written charges refused, and some other exceptions to evidence. With all these exceptions, no brief for the appellant has come into the hands of the court.

Allen, Bell & Sadler, of Birmingham, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J.   **[1]** The defendant was within his legal rights when he elected to try his case in this manner, and to present it to this court as is shown by the record, and the appellate court must search it for error. But where the record is in the condition of the record in this case, the appellate court will not undertake to specifically pass upon each exception noted, but will content itself with a general statement of the law applicable to the case.

**[2]** The affidavit meets the requirements of the statute, and is sufficient. Brannon v. State, 12 Ala. App. 189, 67 South. 634.

**[3, 4]** The motion of defendant for a bill of particulars was properly overruled. Jones v. State, 136 Ala. 118, 34 South. 236. It was within the sound discretion of the court to permit the state's witness Austin to remain in the courtroom during the trial, and we see no reason for interfering with this discretion in this case.

**[5]** Vagrancy, as defined by the statute, includes 13 different heads. Each of these separate heads constitutes vagrancy, or all together constitute vagrancy. In other words, if a person is a gambler, he is a vagrant, and if he is a gambler, and, in addition thereto, violates at the same time the other definitions as set out in the statute, he is still a vagrant. It is the crime of vagrancy that is denounced by section 7843 of the Code, and the subheads simply define what a vagrant is. If a person violate the least of them, he is guilty of a violation of the whole law against vagrancy. "The Legislature seems to have attempted to make that enumeration a classification or catalogue of the vagabonds and harmful parasites of society." Brown's Case, 4 Ala. App. 124, 58 South. 794. Realizing that in some cases the state could not produce affirmative evidence, where conviction should be had, the statute (Code 1907, § 7845) placed the burden of proof upon the defendant under certain circumstances, to wit:

"In prosecutions for vagrancy, the burden of proof shall not rest upon the state to establish the fact that the defendant has no property sufficient for his support, nor means of a fair, honest, and reputable livelihood, but whenever it shall be established by the proof in any prosecution under this chapter that the defendant has been guilty of wandering or strolling about in idleness, or living in idleness, and is able to work, or that such defendant is leading an idle, immoral, or profligate life, and that such defendant is able to work; or that the defendant, being able to work, loafs, loiters, or idles in the places named in subdivision three of section 7843 of this Code, or that such defendant is able and does not work, but hires out his minor children, or allows them to hire out, then, or in either of such events, a prima facie case of guilt is hereby declared to be established in all prosecutions under paragraphs 1, 2, 3, 4, 12, and 13 of section 7843 of this Code, and the burden of proof shall be upon the defendant to show that he has sufficient property from which to obtain a support, or sufficient means of maintaining a fair, honest, and reputable livelihood; and provided further, that in a prosecution under subdivision 13 of section 7843 of this Code, the defendant shall not be convicted if his parents, or those occupying that relation to him, are able to support him, and do support him, or that he is in bona fide attendance upon

some educational institution, but if the evidence for the defendant is sufficient when considered together with all of the evidence in the case to raise a reasonable doubt as to his guilt, he shall be entitled to an acquittal."

[6] It was competent for the state to introduce any evidence tending to show that the defendant had been guilty of wandering or strolling about in idleness, or living in idleness, and was able to work, or that the defendant was leading an idle, immoral, or profligate life and that such defendant was able to work, or that the defendant, being able to work, loafs, loiters, or idles in a city, town, or village or upon the highway or about a steamboat landing or railroad station or other public place, or any place where intoxicating liquor is sold, or that he was a gambler, or that the defendant was the keeper or proprietor or employé of a house of prostitution, or that he was a keeper, proprietor, or employé of a gambling house. Under the charge of vagrancy, it is competent to prove any fact tending to prove that the defendant has violated either or all of the 13 definitions, as set out in the statute.

It was therefore competent to prove that the Burton Hotel was a gambling house, and, if a witness knows, he can testify to the collective fact, just as a witness can say that a place is a drug store, or any other name descriptive of the business being carried on, and such witness can also testify to the kind and character of the furnishings and furniture in the house.

[7, 8] The defendant is not indicted for being a gambler, but is indicted for being a vagrant. Under section 7844 of the Code, vagrancy is made a crime, and section 7843 defines vagrancy. One of the definitions given is "any person who leads an idle, immoral, or profligate life, and has no property," etc. Under this definition, evidence that a person is the constant associate of gamblers, prostitutes, and other evil parasites on society, or that he is a hanger-on at a gambling house or house of ill repute, or idles in one of the places designated in the statute, is competent, as tending to establish the guilt of the defendant as charged in the indictment, to wit, that he is a vagrant. It therefore becomes a pertinent inquiry, in cases of this character, as to whom a defendant constantly associates with, and the character of his associates. If the defendant was on trial charged with being a gambler, and the charge was limited to that inquiry only, it would not be competent for a witness to testify that the defendant was a gambler within the meaning of the statute under which he was being prosecuted; but as to his associates it is different, as tending to establish the fact of his leading an idle, immoral, or profligate life.

The word "gambler" has a well-defined meaning, and in common parlance describes a well known avocation or calling. The universal dictionary defines it as "one who gambles; one given to gambling or playing for a stake"; in Words and Phrases it is said:

"In common parlance, a gambler is one who follows or practices games of chance or skill with the expectation or purpose of thereby winning money or other property." Buckley v. O'Niel, 113 Mass. 193, 18 Am. Rep. 466; Stearnes v. State, 21 Tex. 692.

The fact that he has never been prosecuted or convicted is of no consequence; that the profession of gambling is condemned by the laws of this state, and that the gambler has been condemned as an evil parasite on society is no reason why, by his acts, haunts, business, and associates, he should not be known for what he is and described by the proper noun. If the witness knows it is perfectly proper for him to testify that certain parties who were the associates of defendant, and that defendant associated with gamblers, and loitered in places where gambling was carried on; that he was the keeper, proprietor, or employé of a gambling house, and that these places were frequented by gamblers and lewd women. Robinson v. State, 15 Ala. App. 29, 72 South. 592.

If a man had an office and practiced law, before the courts, a witness would be permitted to testify that the man was a lawyer, or, under this statute, to say that a place where the defendant was found loafing was a railroad station or a steamboat landing. These are collective, evidentiary facts, material to the issue, and it was not error for the court to permit proof.

[9, 10] It was perfectly competent to introduce evidence tending to show the character of the Burton Hotel and the Forrest Club; the defendant having been shown to be connected with these two institutions. It was also competent to show these facts by police officers. It was immaterial that there were other places in Birmingham that had not been raided. Minto v. State, 8 Ala. App. 306, 62 South. 376.

[11] While it was error for the court to permit the witness to testify that he had sworn against the defendant in another case, such testimony was without injury, and was not reversible error. Lowman v. State, 167 Ala. 57, 52 South. 638.

[12-15] It having been shown by competent evidence that Boone Kelly, one of the associates of defendant, was a gambler, it was not reversible error for the witness to say that Kelly had the reputation of being a gambler, and, in this case, it is competent to prove the general reputation of the defendant's associates. It was proper to show that Freeman, another of defendant's associates, operated a gambling table at the Forrest Club. It was competent to prove by those who had occasion to observe the daily walks of the defendant that he did no work. That is one of the material inquiries in the case.

It was competent for the witnesses to give the names of such men and women whom

they knew to be gamblers and lewd women that frequented the places with which the defendant was connected, and with whom he associated. There is no truer saying than that "birds of a feather flock together," and, in this class of cases, the law recognizes it. Robinson v. State, 15 Ala.App. 29, 72 South.592.

[16] It was also competent to show that at the Forrest Club a quantity of liquor was captured by the officers, when they made the raid.

[17] The exceptions to the remarks of the solicitor are not well taken. Some of them are disjointed and disconnected, and not enough is set out for the court to pass upon upon them, and the others are entirely warranted by the facts.

When the excerpts from the general charge of the court to which exceptions were reserved are taken and considered in connection with the whole charge, none of them constitute reversible error. The written charges requested by the defendant were properly refused.

There is no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

On the 12th day of July, 1915 (Local Acts 1915, pp. 231, 235, § 11), the Legislature passed an act repealing the act of April 20, 1911 (Loc. Acts 1911, p. 371), and giving authority to the judge of an inferior court to make returnable to another court a cause of which he has final jurisdiction or concurrent jurisdiction, and therefore the demurrer interposed by the defendant was properly overruled.

[18, 19] What has been said in the main opinion in this case with reference to the associates of defendant will apply to the testimony of witnesses to the effect that the Burton Hotel was a gambling house. The defendant being tried for vagrancy, the question of whether or not the Burton Hotel was a gambling house was evidentiary and pertinent to the issue. Testimony of facts known to a witness cannot be said to be conclusions. It is not the reputation of the house which is being testified to by the witness, but the fact that it is a house in which gambling is carried on.

[20] The court asked the witness Christian this question: "Was this room furnished as an ordinary gambling room?" to which question the witness answered "Yes." Objection and exception were taken both to question and answer. This was not a conclusion, but was a collective statement of fact.

[21] After the witness Christian had testified that after the going into effect of the new prohibition laws he was present at the

time in the Forrest Club, of which the defendant was secretary; that the club was raided and a lot of whisky was taken out, and after it had been shown that quite a lot of whisky and beer had been taken out of the Forrest Club, he was then asked if this was after the license had been revoked by the commissioners. This question was evidently for the purpose of fixing the time of the raid, and therefore was not objectionable.

[22, 23] The defendant, in brief, insists that the court committed error in permitting the solicitor to ask a state's witness the following question: "Was Oscar Freeman convicted of operating a gambling table there?" (referring to the Forrest Club, which place it had been shown was frequented by the defendant) because it called for evidence that was immaterial, irrelevant, and, incompetent. The rule is that where a general objection of this kind is interposed, it may be overruled, unless the evidence is manifestly illegal and irrelevant, and apparently incapable of being rendered admissible, in connection with other evidence. Sanders v. Knox et al., 57 Ala. 80. That Oscar Freeman, who was shown to have been an associate of the defendant, had been convicted of operating a gambling table in the Forrest Club, a place which the defendant frequented, was certainly not immaterial, nor was it irrelevant, and the answer, if true, would be competent, as tending to establish a material issue in the pending cause. As was said by Collier, C. J., in Wallis v. Rhea and Ross, 10 Ala. 453, and reaffirmed in Sanders v. Knox, supra:

"Undefined objections should never be made to the admission of evidence, and it may be laid down generally, that if the party making them will not particularize, the court is not bound to cast about for the grounds upon which, in the mind of counsel, they are rested, but may properly disregard them."

We may add, in this connection, that there are quite a number of questions appearing in this record to which similar general objections have been made and overruled, whereas if the specific objections had been made to the particular question, calling the attention of the court to what was in the mind of counsel, the objection would doubtless have been sustained.

[24] The other questions raised by the record have been examined by this court, and, after an examination of the entire cause, it does not appear that any of the errors complained of, if errors at all, have probably injuriously affected the substantial rights of the defendant, and therefore would not constitute reversible error. Supreme Court rule 45 (175 Ala. xxi, 61 South. ix).

The application for rehearing is overruled.

Application overruled.