HOLLAND *v.* SPAYER.

1. Constitutional Law—Arrest Without Warrant—Ordinance Against Loitering—Validity.

Ordinance forbidding persons from loitering about city streets without being able to give satisfactory account of themselves, and making it duty of police officers to arrest violators without process, is valid.

2. FALSE IMPRISONMENT—VIOLATING ORDINANCE—JUSTIFICATION—QUESTION FOR JURY.

In action against police officers for false imprisonment, whether defendants were justified in arresting plaintiff for violating city ordinance forbidding loitering on city streets was properly submitted to jury, where evidence showed that residents noticed plaintiff ''behind a telephone pole'' at night, notified police, and, when defendants questioned him as to his business and name, he answered profanely and refused to give ''satisfactory account of himself,'' although he could have done so.

3. APPEAL AND ERROR—FALSE IMPRISONMENT—ORDINANCES—HARMLESS ERROR—INSTRUCTIONS.

In action against police officers for false imprisonment, where defense was justification in arresting plaintiff for violating city ordinance against loitering, inadvertent statement by trial judge, in charge to jury, as to plaintiff's violating ''any'' ordinance, *held,* not reversible error, where judge, in other portions of charge, clearly stated ordinance under which plaintiff was arrested, so that jury could not have been misled.

Appeal from Genesee; Black (Edward D.), J. Submitted January 6, 1932. (Docket No. 40, Calendar No. 36,142.) Decided March 2, 1932.

Case by Jerry Holland against Joseph W. Spayer and another for false imprisonment. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*John F. Baker* and *C. A. Withey,* for plaintiff.

*Wilson & Hoffman,* for defendants.

CLARK, C. J. Action for false imprisonment. Defendants had verdict and judgment. Plaintiff has appealed.

An ordinance of the city provides:

''SECTION 1. All persons, except persons temporarily out of employment on account of strikes

and lockouts, who shall be found loitering in or about any street   *   *   *   or other public place, either by day or night, without any lawful or legitimate means of support, or without being able to give a satisfactory and suitable account of himself   *   *   *   shall be deemed a disorderly person.

"Sec. 6. The chief of police or any policeman in the city of Flint may, and it shall be the duty of each of them, to arrest without process any persons found by them or either of them, violating any provision of this ordinance," etc.

Section 7 provides of penalty.

On October 27, 1930, near 7:30 in the evening, when it was dark or nearly so, some persons in Flint, residing in the neighborhood, observed plaintiff standing on a street, near or behind a telephone pole. A witness testified:

"The street itself was dark, there being no light on it at that time. I went out of the house, down on the walk on my side of the street. He went back to the telegraph pole and stood there; that is what made me notice him. When he stopped I felt curious. He stood there for a minute or two, then he moved from there on down to the next telephone pole. Then he came back up opposite my place. I went into the house and informed my wife not to be afraid and when I went out again he stood by the same post where he stood first."

At 8:18 p. m. a resident telephoned to the police station. The call was broadcast and picked up by defendant police officers, who at once went to the place. According to the testimony of one of the officers, a resident pointed out plaintiff "behind a telephone pole." An officer went to where plaintiff was "back of the telephone pole" or "leaning against" it and inquired, "What is your business here?" Plaintiff, according to defendants' testi-

mony, replied in profane language and the application to them of vile epithets and the statement that it was none of their business, and he declined to state his name. He was taken to police station, questioned, and again refused to state his name, and he was searched, finger printed, locked up, and soon released. Plaintiff might have given, when questioned by the officer, "a satisfactory and suitable account of himself," as provided by the ordinance, for the fact was that he was there waiting to meet his daughter, but he chose, instead, according to the testimony of the officers, to be hostile, profane, abusive, disorderly (*Buman* v. *Railroad Co.*, 168 Mich. 651 [Ann. Cas. 1913D, 107]).

Nightwalking, lurking, and loitering are commonly forbidden by statute and ordinance, and the reason for such legislation is well known, and the terms have well-recognized meaning. *Robinson* v. *State*, 15 Ala. App. 29 (72 South. 592).

The validity of the ordinance is not questioned. *Burroughs* v. *Eastman*, 101 Mich. 419 (24 L. R. A. 859, 45 Am. St. Rep. 419).

The offense here has two elements, (a) loitering, (b) without being able to give a satisfactory or suitable account. It is clear that there is evidence sustaining defendants' plea in justification as to both elements of the offense, and that the court was not in error in submitting the pleaded defense to the jury. *Durham* v. *Feeney*, 195 Mich. 318. Under the ordinance, the defendants pursued a proper course by questioning before arrest that plaintiff might have opportunity of giving "satisfactory and suitable account of himself."

In *The King* v. *Pepper*, 19 Man. 209 (15 Can. Crim. Cas. 314), a prosecution for vagrancy, it was held, quoting syllabus (Can. Crim. Cas.):

"A prostitute found wandering around becomes amenable as a vagrant under Code sec. 238 (i) only when upon request she is unable to give a satisfactory account of herself to the police officer."

And from the opinion:

"It was held, also, in *Regina* v. *Arscott,* 9 Ont. Rep. 541, that the (statute) does not, on its true construction, declare that being a prostitute would make such a person liable as such, but only those who when found, on request or demand, are unable to give a satisfactory account of themselves. The demand or request to give an account of themselves and inability to do so satisfactorily is the material part of the offense."

See, also, *Regina* v. *Levecque,* 30 U. C. Q. B. 509; *Ex Parte Strittmatter,* 58 Tex. Crim. Rep. 156 (124 S. W. 906, 137 Am. St. Rep. 937, 21 Ann. Cas. 477); note 14 A. L. R. p. 1507; 39 Cyc. p. 1109.

The charge is criticized in that the judge inadvertently spoke of plaintiff's violating "any" ordinance of the city. There was but the one ordinance read and discussed in the case. The court stated to the jury, "That is the ordinance upon which the defendants claim the plaintiff in this case was arrested," and in other instances referred to it as "the ordinance."

We think the jury not misled.

Other matter calls for no discussion.

Affirmed.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.