272 So.2d 282

Clarence **JOHNSON**

v.

**STATE.**

**2 Div. 66.**

Court of Criminal Appeals of Alabama.
Oct. 10, 1972.
Rehearing Denied Nov. 21, 1972.

Drinkard & Drinkard, Linden, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant was charged with murder in the first degree, convicted of murder in the second degree, and sentenced to twenty years imprisonment.

When the State rested its case the appellant moved to exclude the testimony and discharge the defendant on grounds "it is so permeated with leading questions that it is prejudicial." The court overruled the motion and the appellant reserved an exception.

■ We have carefully considered the testimony offered by the State and are of the opinion that the court did not abuse its discretion in allowing leading questions and there was no error in overruling the motion and submitting the case to the jury.

■ The appellant sought to show by his witness Allen Ramsey, who was his employer and the owner of a truck driven by appellant, that he had given appellant instructions in regard to taking the rifle used in the killing out of the truck at night. He had first shown by the witness that appellant had his consent to carry the rifle in the truck at all times. We need not decide whether the court was in error in this regard, which may have affected the appellant's case, since the appellant on direct examination was allowed to testify that the rifle stayed in the truck during the daytime but he took it out at night. In effect, he was allowed to show his custom in this regard and we do not think that the refusal of the court under the circumstances to allow the testimony of witness Ramsey as to instructions in regard thereto was harmful to the rights of the appellant. If this was error, it was error without injury.

■ Appellant's witness Ramsey testified as to the good character of the appellant. The witness was then asked on cross-examination by the district attorney if he had not heard that appellant and his

wife had had fights and trouble between them and whether he had not heard that at this time appellant was going with one Mary Alice McIntosh. Appellant's objections to these questions were overruled and the witness was allowed to answer that he had heard of these matters.

In support of his argument urging error in the court's action, appellant cites Bodine v. State, 18 Ala.App. 514, 93 So. 264, and Moulton v. State, 88 Ala. 116, 6 So. 758. These authorities are inapt to the case at bar in that they deal with questions on cross-examination of character witnesses as to their personal knowledge of specific misconduct of the defendant rather than what they may have heard.

■ It is permissible to cross-examine a character witness to determine if he had *heard* of any misconduct or unworthy acts of defendant for the purpose of throwing light on his credibility and as to the competence of the witness to measure reputation. Jackson v. State, 38 Ala.App. 522, 93 So.2d 804, Ala. Digest, Criminal Law, ☞ 274(2).

But he may not be cross-examined as to his personal knowledge of specific acts of misconduct. Flournoy v. State, 34 Ala. App. 23, 37 So.2d 218, cert. denied 251 Ala. 285, 37 So.2d 223; Mullins v. State, 31 Ala.App. 571, 19 So. 845, Ala. Digest, Criminal Law, supra. No error appears in the action of the court in overruling objections to these questions.

While in custody the appellate made a statement to the Sheriff of Marengo County, the legality of which is not questioned by appellant. At first he said he went to the truck, secured a rifle, to keep someone from stealing it and hung it on the wall in his house; that his wife told him he was not drunk and asked why he wanted to be so smart; that when she went into the kitchen at his request to get him some food he took the rifle down just looking at it when it accidentally went off and shot her as she was standing in the kitchen door.

Then ten or fifteen minutes later appellant started crying and told the sheriff that was not the way it happened, saying that she was preparing some food in the kitchen and started cursing him and that he was afraid she would kill him and he went to the truck, got the rifle and came back into the house intending to scare her with it but it went off and killed her and that he did not intend to shoot her.

In his testimony at the trial he said in substance that he and his wife were fussing and that he got the rifle out of the truck where it stayed in the daytime, but not at night, and brought it in and hung it on some nails in the wall; that during the fussing, etc., when he laughed at her she started after him with a butcher knife; that he ran and got the rifle down and thought she was close behind him with the knife and that his life was in danger; and that he then turned and shot her. She was seven steps from where he shot.

The appellant was questioned on direct examination by his attorney as to his contradictory statements, set out above, when the following occurred:

"Q. Clarence, I'll ask you this question, Did you tell the Sheriff a lie the next day after this as to what happened in that house?

"A. Yes, sir.

"Q. Why did you tell him . . .

"MR. BOGGS: We object to that, may it please—

"THE COURT: Sustain the objection.

"MR. BOGGS: That's strictly illegal. He can make up anything.

"MR. DRINKARD: We except to the Court's ruling."

■ In our opinion the court erred in not allowing the appellant to answer the ques-

tion propounded above. The two statements made by appellant to the sheriff are contradictory to each other and are further contradictory to the testimony of the appellant at the trial.

We think the case at bar is controlled by the rule set out in Ingram v. State, 34 Ala.App. 597, 42 So.2d 30, reversed and remanded 252 Ala. 497, 42 So.2d 36.

We think the contradictory material affects the issue of self defense raised in the case at bar by appellant. In *Ingram* this court said:

". . . It was decided in Johnson v. State, 102 Ala. [1], 21, 16 So. 99 (in response to rehearing) that an exception to the general rule that a witness may not testify to his uncommunicated motives and intention exists where the witness admits that he made a statement attributed by others to him. This exception comprehends the right of even a witness to explain 'the nature, circumstances, meaning and design' of what he said, and 'he may be asked the motive by which he was induced to use such expressions.' This doctrine of Johnson v. State was accepted and applied in Lowman v. State, 167 Ala. 57, 52 So. 638; Williams v. State, 123 Ala. 39, 26 So. 521; Postal [Tel. Cable] Co. v. Hulsey, 115 Ala. 193, 207, 22 So. 854; Henry v. State, 107 Ala. 22, 26, 19 So. 23; Anderson v. State, 104 Ala. 83, 86, 87, 16 So. 108. In the last cited case it was held— notwithstanding the form of the question —that a witness might testify in explanation of discrepancies between her present testimony and that given on a former hearing of a bastardy proceeding that she, the witness, was 'sacred and embarrassed before the justice of the peace'; the ruling being referred for authority to Johnson v. State, supra. . . ."

We, therefore, hold under the authorities above set out that the witness should have been allowed to explain the discrepancy between his statements made to the sheriff and his testimony at the trial.

The appellant further complains that the court erred in refusing to allow the appellant further cross-examination of the witness James with regard to alleged threats made by appellant, after the court had changed its ruling on the admissibility of that testimony. It is not necessary to treat this matter in this opinion since this question is not likely to arise upon a new trial.

There were numerous objections by appellant to testimony offered by the State but no error appears in the rulings thereon.

However, for the error heretofore indicated, the judgment in this cause must be reversed and the cause remanded.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Reversed and remanded.

All the Judges concur.