[Crim. No. 1644.  In Bank.—November 12, 1910.]

In the Matter of J. J. WILLIAMS, on Habeas Corpus.

MUNICIPAL CORPORATION—ORDINANCE PROHIBITING "PICKETING."—An ordinance declaring it to be a misdemeanor to engage in "picketing," for the purpose of intimidating, threatening, and coercing persons in order to induce them to refrain from engaging in a particular employment, is a valid exercise of the powers of a municipal corporation. [By Beatty, C. J.]

APPLICATION for a Writ of Habeas Corpus directed to the Chief of Police of the City of Los Angeles.

On the twentieth day of October, 1910, the supreme court in Bank made an order denying the writ. Thereafter, on the twelfth day of November, 1910, Beatty, C. J., filed the following opinion, in which the facts are stated.

Austin Lewis, R. M. Royce, and George F. Snyder, for Petitioner.

BEATTY, C. J.—This is a petition for a writ of *habeas corpus* which has been denied by the court.

The prisoner was arrested upon a complaint accusing him of violating a penal ordinance of the city of Los Angeles. The ordinance is quite comprehensive in its enumeration of the acts which it declares to be misdemeanors, and the prisoner was charged in the information with two distinct offenses, as defined by the ordinance: 1. With "loitering" on a public street in front of the Fulton Engine Works for the purpose of inducing and influencing persons to refrain from doing and performing services and labor at said works; 2. With "picketing" in front of said works for the purpose of intimidating, threatening, and coercing such persons. It is argued in support of the petition that the ordinance is invalid. As to the provision concerning "picketing" for the purpose of intimidation, threatening, etc., I have no doubt that it is a valid exercise of the powers of the local legislature. As to the provisions relating to "loitering" I have very serious doubts. They are so vaguely comprehensive that a person stopping on the street anywhere in the vicinity of a place of business for

the purpose of dissuading an employee from continuing in his employment might be convicted of a misdemeanor. I therefore concur in the order denying the writ only upon the ground that the charge of picketing for the purpose of intimidation, etc., gives the police court jurisdiction to try the charge.