[Civ. No. 11645. Second Appellate District, Division Two.—January 19, 1938.]

MICHAEL PHILLIPS, Respondent, v. MUNICIPAL COURT OF THE CITY OF LOS ANGELES et al., Appellants.

Ray L. Chesebro, City Attorney, Newton J. Kendall, Assistant City Attorney, John L. Bland and George William Adams, Deputies City Attorney, for Appellants.

Joe Wapner for Respondent.

CRAIL, P. J.—This is an appeal by the defendants from an order of the superior court prohibiting them from enforcing against the petitioner section 647a of the Penal Code, which reads as follows: ''Every person who annoys or molests any school child or who loiters about any school or public place at or near which school children attend, is a vagrant, and is punishable by a fine of not exceeding five hundred dollars or by imprisonment in the county jail for not exceeding six months, or by both such fine and imprisonment.''

The petitioner makes two contentions: (1) The second clause of said section is so vague, indefinite, ambiguous, uncertain and unintelligible as to contravene both the state and

federal constitutions, and therefore is invalid. (2) The title of the act, adding said section to the Penal Code, is insufficient.

The first contention of the petitioner is untenable. The verb "loiter" means "to linger idly by the way, to idle". As was said in the case of *Robinson* v. *State,* 15 Ala. App. 29 [72 So. 592], " 'Loitering' is a term having a well-recognized meaning in ordinary use, the collective acts constituting which all persons are familiar with." As was said in the case of *Ex parte Strittmatter,* 58 Tex. Cr. Rep. 156 [124 S. W. 906, 137 Am. St. Rep. 937, 21 Ann. Cas. 477], "We think the terms 'loiter, loaf, and idle' are wholly at variance with the occasional or even frequent presence at such public places by deserving persons who may be for the time being unemployed. It is difficult in matters of this sort by any language which the legislature could have employed to have laid down a rule so definite and precise as not to be the subject-matter of criticism. In constructive legislation of this sort, along new lines, some difficulty will be found in so framing the definition as not by a strained construction, or even, perhaps, by a literal construction, to place improper and grievous burdens on deserving persons."

█ It is urged that it is unreasonable to compel all persons to forego the pleasure of loitering about any school or public place at or near which school children attend merely because some persons of evil disposition desire to do so. It will be observed that the law does not attempt to entirely prohibit loitering, but that it confines its prohibitions to loitering about any school or public place at or near which school children attend. However, the mere fact that some innocent people may desire to loiter near a public school does not deprive the legislature of its power to prohibit loitering at such a place if the safety of school children require such legislative action. (*Booth* v. *Illinois,* 184 U. S. 425 [22 Sup. Ct. 425, 46 L. Ed. 623] ; *Purity Extract etc. Co.* v. *Lynch,* 226 U. S. 192 [33 Sup. Ct. 44, 57 L. Ed. 184] ; *Otis & Gassman* v. *Parker,* 198 U. S. 606 [23 Sup. Ct. 168, 47 L. Ed. 323].)

█ The courts will construe general statutes reasonably and not in a manner that will lead to unjust or absurd results. (*Church of the Holy Trinity* v. *United States,* 143 U. S. 457 [12 Sup. Ct. 511, 36 L. Ed. 226] ; *United States*

v. *Kirby*, 74 U. S. (7 Wall.) 482 [19 L. Ed. 278]; *State* v. *Jackson*, 71 N. H. 552 [53 Atl. 1021, 60 L. R. A. 739].) Innocent acts may be prohibited by statutes enacted under the police power when necessary to protect the public peace, safety and welfare. If the Constitution guarantees to the petitioner the right to loiter, it certainly does not guarantee to him the right to do his loitering in places where promiscuous loitering may endanger the peace and safety of our school children on account of the immoral desires of some who may exercise such right. (*Pacific States etc. Co.* v. *White*, 296 U. S. 176 [56 Sup. Ct. 159, 80 L. Ed. 138, 101 A. L. R. 853]; *Thomas* v. *Indianapolis*, 195 Ind. 440 [145 N. E. 550, 35 A. L. R. 1194]; *Fitts* v. *Atlanta*, 121 Ga. 567 [49 S. E. 793, 104 Am. St. Rep. 167, 67 L. R. A. 803].)

■ The contention that the title of the act is insufficient is without merit. The title to the act reads as follows: "An Act to add a new section to the Penal Code, to be numbered 647a, relating to vagrancy." ■ The constitutional provision requiring the subject of the act to be expressed in its title must be liberally construed, and all that is required to be contained therein to meet the constitutional requirement is a reasonably intelligent reference to the subject to which the legislation is to be addressed. (*Estate of Wellings*, 192 Cal. 506, 519 [221 Pac. 628]; *Matter of Maginnis*, 162 Cal. 200 [121 Pac. 723]; *Frank* v. *McGuire*, 201 Cal. 414 [257 Pac. 515]; *Heron* v. *Riley*, 209 Cal. 507 [289 Pac. 160]; *People* v. *Fryer*, 175 Cal. 785 [167 Pac. 382].)

Order reversed.

Wood, J., concurred.

McCOMB, J., Dissenting.—I dissent. In my opinion section 647a of the Penal Code attempts to make actions inherently innocuous, public offenses, an attempt that may not be successful. (*Territory of Hawaii* v. *Anduha*, (1931) 48 Fed. (2d) 171.) As I view the instant case the holding in the majority opinion is contrary to the rule of law indicated by Mr. Chief Justice Beatty in the case of *In the Matter of Williams*, 158 Cal. 550 [111 Pac. 1035], and is in conflict with the law as announced by the District Court of Appeal in the recent case of *In re Harder*, 9 Cal. App. (2d) 153 [49 Pac. (2d) 304].

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 17, 1938. Houser, J., voted for a hearing.