[Criminal No. 897.   Filed May 16, 1941.]

[113 Pac. (2d) 356.]

# THE STATE OF ARIZONA, Appellant, v. LEONARD STARR and LESLIE COMBS, Appellees.

Mr. Joe Conway, Attorney General, and Mr. Albert M. Garcia, Assistant Attorney General, for the State.

Mr. V. L. Hash, for Appellees.

ROSS, J.—The appellees, Leonard Starr and Leslie Combs, were informed against by the county attorney for loitering, without a legitimate reason therefor, within three hundred feet of the grounds of the Longfellow public school, at which children were then in attendance, located in Phoenix, Maricopa County, Arizona. They filed a motion to quash the information on the ground that the law under which it was drawn denies them due process, in that the crime therein created is so indefinitely defined as not to advise them of the dividing line between lawful loitering and unlawful loitering. This motion was sustained and from the court's decision the state has appealed, contending, of course, that the law is constitutional and does not deny due process.

The law was passed in 1939, and reads as follows:

"43-5902. *Molesting school child.*—Any person who annoys or molests a school child, or who without legitimate reason therefor loiters on the grounds of any public school at which children are in attendance, or within three hundred (300) feet thereof, shall be deemed a vagrant, and upon conviction fined not more

than five hundred dollars ($500), imprisoned in the county jail not more than six (6) months, or both.'' Arizona Code, 1939.

■■ The information follows the language of the statute defining the offense and is good if the statute is valid. We think there can be no question of the right of the legislature to pass the law forbidding persons from loitering on school premises, or within three hundred feet thereof, while being attended by school children. If there is a necessity, and of that the legislature is the judge, to thus protect school children against loiterers, that body unquestionably has the power to do so. The peace, safety and health of the children of school age, when menaced or threatened, certainly calls for the exercise of the police power of the state for their protection. The evils the law was intended to prevent are well known. About the time of its passage it was common talk that marihuana, a habit-forming drug, was being peddled to the school children of Phoenix and other parts of the state. It was passed to shield the children from such evil and others as bad or worse in their tendencies to corrupt the young boys and girls of public-school age.

■ Webster's dictionary defines ''loiter'' ''To be slow in moving; delay; linger; saunter; lag behind.'' The word ''loiter'' does not signify anything bad or criminal except when given that significance in a criminal ordinance or statute.

■ California has a statute which was enacted no doubt for the same reason as ours. It reads:

''§ 647a. Vagrants. Schools and school children. Every person who annoys or molests any school child or who loiters about any school or public place at or near which school children attend, is a vagrant, and is punishable by a fine of not exceeding five hundred dollars or by imprisonment in the county jail for not exceeding six months, or by both such fine and im· prisonment.'' Penal Code.

In *Phillips* v. *Municipal Court of Los Angeles,* 24 Cal. App. (2d) 453, 75 Pac. (2d) 548, 549, it was contended by defendant, who was on trial for violation of such section, that the second clause thereof was so uncertain and indefinite as to contravene the due process clauses of both the state and federal Constitutions. We quote with approval from the court's opinion:

"The first contention of the petitioner is untenable. The verb 'loiter' means 'to linger idly by the way, to idle.' As was said in the case of *Robinson* v. *State,* 15 Ala. App. 29, 72 So. 592, ' "Loitering" is a term having a well-recognized meaning in ordinary use, the collective acts constituting which all persons are familiar with.' As was said in the case of *Ex parte Strittmatter,* 58 Tex. Cr. R. 156, 124 S. W. 906, 907, 137 Am. St. Rep. 937, 21 Ann. Cas. 477, 'We think the terms "loiter, loaf, and idle" are wholly at variance with the occasional or even frequent presence of such public places by deserving persons who may be for the time being unemployed. It is difficult in matters of this sort by any language which the Legislature could have employed to have laid down a rule so definite and precise as not to be the subject-matter of criticism. In constructive legislation of this sort, along new lines, some difficulty will be found in so framing the definition as not by a strained construction, or even, perhaps, by a literal construction, to place improper and grievous burdens on deserving persons.'

"It is urged that it is unreasonable to compel all persons to forego the pleasure of loitering about any school or public place at or near which school children attend merely because some persons of evil disposition desire to do so. It will be observed that the law does not attempt to entirely prohibit loitering, but that it confines its prohibitions to loitering about any school or public place at or near which school children attend. However, the mere fact that some innocent people may desire to loiter near a public school does not deprive the Legislature of its power to prohibit loitering at such a place if the safety of school children require such legislative action. *Booth* v. *Illinois,*

184 U. S. 425, 22 Sup. Ct. 425, 46 L. Ed. 623; *Purity Extract, etc., Co.* v. *Lynch,* 226 U. S. 192, 33 Sup. Ct. 44, 57 L. Ed. 184; *Otis & Gassman* v. *Parker,* 187 U. S. 606, 23 Sup. Ct. 168, 47 L. Ed. 323.''

The Supreme Court of California denied an application for a hearing of this case.

Our statute, like California's, does not condemn all loitering on public-school grounds or within three hundred feet thereof while school is in session. It exempts those loiterers with legitimate reasons for being on public-school premises or within three hundred feet thereof from the category of vagrants; that is, those persons that have **real** or genuine reasons and not counterfeit or spurious reasons for being there.

Section 249 of our Penal Code of 1913, making it an offense for a parent wilfully to omit, ''without lawful excuse,'' to furnish necessary food, clothing, shelter or medical care to his minor child, was attacked for uncertainty, in failing to enumerate and define the defenses permissible to a parent, in *Branham* v. *State,* 33 Ariz. 170, 263 Pac. 1, 2, and the court held it was for the jury, under proper instruction from the court, to determine what was ''lawful excuse'' for such failure. We said:

''Because it may be difficult at times to determine what constitutes a lawful excuse for a parent who fails to furnish the enumerated necessaries to his children is not sufficient reason to declare the statute void for uncertainty. In Lewis' Sutherland, Statutory Crimes, § 86, the rule is stated thus:

'' 'A statute cannot be held void for uncertainty, if any reasonable and practical construction can be given to its language. Mere difficulty in ascertaining its meaning or the fact that it is susceptible of different interpretations will not render it nugatory. Doubts as to its proper construction will not justify us in disregarding it. It is the bounden duty of courts to endeavor by every rule of construction to ascertain the meaning of, and to give full force and effect to, every

enactment of the general assembly not obnoxious to constitutional prohibitions. But if, after exhausting every rule of construction, no sensible meaning can be given to the statute, or if it is so incomplete that it cannot be carried into effect, it must be pronounced inoperative and void.' "

■ A person charged under the statute with being a vagrant may defend by showing that he was on the premises described for a legitimate reason. Such a defense, however, would not be supported unless he was able to give a real, genuine reason for being thereon or thereabouts. If it be suggested that a person could not know when he was violating the law, the answer is that anyone should know if he had any business on the school grounds or thereabouts. If so, the statute does not intend to prevent him from transacting it. If he has no business thereon, no reason to be there except to idle away his time, to linger and saunter upon the premises, then his act of loitering there is within the terms of the law and he is subject to punishment.

■ We do not think the rule laid down by the Ninth Circuit Court of Appeals, in *Territory of Hawaii* v. *Anduha*, 48 Fed. (2d) 171, is applicable to the facts here. It was held in that case that a statute, providing that any person who habitually loafs, loiters or idles upon any public street, highway, or any public place is guilty of a misdemeanor, was unconstitutional and void as restricting the liberty of the citizen to go where and as he pleases. Public-school grounds and premises are not free to any and every one like a public street or highway or public park. Public-school grounds and premises are dedicated to the use of persons eligible to attend the schools, their officers, teachers and employees. Others entering thereon are invitees or licensees or trespassers and subject to the rules of law applicable to their situation.

The other assignment has no merit and we do not discuss it.

We think the judgment should be reversed and the cause remanded with directions for further proceedings in accordance herewith. It is so ordered.

LOCKWOOD, C. J., and McALISTER, J., concur.