## Commonwealth v. McDermott

*Francis Biunno*, Assistant District Attorney, for Commonwealth.

*Sheedy, Warner & McCormack*, for defendant.

LIPEZ, P. J., Specially Presiding, November 10, 1956.—This matter is before us on defendant's motion in arrest of judgment. He was indicted for burglary with intent to commit a felony, to wit, rape, loitering and prowling, assault and battery upon Irene Wunderlick, assault and battery in resisting arrest and unlawfuly resisting an officer in making an arrest. Defendant's demurrer to the burglary charge was sustained. The jury found him guilty of the other charges.

He contends judgment should be arrested because: (1) As to the loitering and prowling charge, the act creating the offense is unconstitutional because it fails to lay down a reasonably ascertainable standard of conduct; (2) assuming its constitutionality, the indictment was fatally defective because it failed to allege that defendant "maliciously" committed the act; (3) that in any event the testimony is insufficient to sustain the convictions on the charges of loitering and prowling and assault and battery on Irene Wunderlick; and (4) as to the charges of assault and battery in resisting arrest and unlawfully resisting an officer in making an arrest, the arrest having been made without a warrant was, under the circumstances, illegal, and therefore defendant was privileged to use reasonable force in resisting apprehension.

## Constitutionality of Loitering and Prowling Statute

Defendant contends that the Act of May 27, 1949, P. L. 1900, sec. 1, 18 PS §4418, which provides:

"Whoever at night time maliciously loiters or maliciously prowls around a dwelling house or any other place used wholly or in part for living or dwelling purposes, belonging to or occupied by another, is guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1000) or undergo imprisonment for a period not exceeding one (1) year, or both", is unconstitu-

tional in that it fails to define a reasonably ascertainable standard of conduct, and that, therefore, a conviction resting on said statute violates due process of law.

The general rule as to the standard of definiteness required in a statute is set forth in 12 Am. Jur. 282 Constitutional Law, §585, as follows:

"It is a general principle of statutory law that a statute must be definite to be valid. A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. On the other hand, where the words assailed, taken in connection with the context, are commonly understood, their use does not render a statute invalid."

An analysis of the statute will readily demonstrate that the elements constituting the crime are so clearly expressed that persons of common intelligence can determine in advance what is the lawful course to pursue. To constitute the crime there must be a concurrence of the following elements and circumstances: (1) there must be a loitering or prowling; (2) it must be done maliciously; (3) the act must occur around a dwelling house or other place used wholly or in part for dwelling or living purposes; (4) the place so used must belong to or be occupied by another; (5) it must be done at nighttime.

Clearly items (3) to (5) are so plain and simple as not to require a discussion. Are items (1) and (2), used as they are in connection with the other items, so vague as to offend against the required standards of definiteness? Certainly there is no difficulty in defining them.

Loiter is defined in Webster's New International Dictionary, 2d Edition, as: "To be slow in moving;

delay; linger; saunter; lag behind" and is similarly defined in 25 Words and Phrases, at page 589, as "to be dilatory, to stand idly around, to spend time idly."

Prowl is defined in Webster's Dictionary as: "To move about or wander stealthily, as a wild beast seeking prey; to pace or roam about furtively." [1]

Malice is defined in 34 Am. Jur. 682, §2, as: ". . . a term of art importing wickedness and excluding a just cause or excuse; as characterizing an act done on purpose and with evil intent; and as a formed design of doing mischief to another or a wicked intention to do an injury to another."

In plain words, any person of ordinary understanding can readily know that if he moves around a place which somebody else uses for living purposes, at nighttime, in a stealthy or sneaky manner with an evil intention, he will run afoul of the law and be subject to punishment. This is a clearly defined standard which the ordinary person can understand.

We are of the opinion, therefore, that the language in the statute "provides an adequate warning as to what conduct falls under its ban, and marks boundaries sufficiently distinct for judges and juries fairly to administer the law" and hence is constitutional: United States v. Petrillo, 332 U. S. 1, 91 L. Ed. 1877. [2]

### Sufficiency of Indictment Charging Loitering and Prowling

Defendant contends that the indictment is fatally defective in that it fails to allege defendant acted mali-

---

[1] The Superior Court, in Commonwealth v. DeWan, 181 Pa. Superior Ct. 203, decided since the argument in this case, used substantially the same definitions and sustained a conviction of loitering and prowling. However, the constitutionality of the act was apparently not raised, nor passed upon.

[2] Loitering and similar statutes, even without a mens rea, have been held constitutional. See for example: Phillips v. Municipal Court of Los Angeles, 24 Cal. App. 2d 453, 75 P. 2d 548; State v. Starr, 57 Ariz. 270, 113 P. 2d 356.

ciously. The indictment charges that defendant on May 6, 1954, etc., "unlawfully did then and there loiter and prowl around and about a certain building and orphanage named and called the 'Presbyterian Children's Village' situate and located at the southwest corner of Fifty-eighth Street and Chester Avenue in the City of Philadelphia."

The Act of March 31, 1860, P. L. 427, sec. 11, 19 PS §261, provides: "Every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the Act of the Assembly prohibiting the crime . . . so plainly that the nature of the offense charged may be easily understood by the jury."

The Act of March 31, 1860, P. L. 427, sec. 11, 19 PS §431, provides that objections to formal defects in the indictment must be made prior to trial. No motion to quash was made here before the jury was sworn.

The Supreme Court in Commonwealth v. Bovaird, 373 Pa. 47, at page 62, stated: "As said in Commonwealth v. Wooden, 94 Pa. Superior Ct. 452 at p. 455: 'The Criminal Procedure Act of March 31, 1860, P. L. 427, provides that every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of assembly prohibiting it. Since that day the trend of the decisions of our Supreme Court has been toward sustaining an indictment as good in substance, if the charge be stated with such certainty that the defendant may know what he is called upon to answer, and the court may know how to render the proper judgment thereon. Criminal pleading is no longer the technical thing it once was and the courts look more to substantial justice than to artifical nicety: Commonwealth v. Romesburg, 91 Pa. Superior Ct. 559; Commonwealth v. Norris, 87 Pa. Superior Ct. 61; Commonwealth v. Keenan and Clark, 67 Pa. 203.' "

In Commonwealth v. Davis, 26 Luz. 125, where the charge was false pretenses, the indictment failed to allege that the pretenses were "knowingly" made, and no motion to quash having been made before the jury was sworn, it was held that the indictment charged the crime substantially in the language of the act of assembly. Similarly in Commonwealth v. Jaskutowicz, 27 Luz. 411, it was held that the omission of the word "wilfully" and substitution of "unlawfully", did not vitiate the indictment.

We are of the opinion that the indictment sets forth the offense sufficiently to apprise defendant of the offense, so that he could properly defend, and is such that the court can give proper judgment thereon.[3] Defendant having gone to trial without raising the question of the sufficiency of the indictment, he is now too late. A court will not be astute to find technicalities to upset a conviction after a defendant has sat by and taken his chances on the results of a trial. . . .

### Order

And now, November 10, 1956, after argument, the motion of defendant in arrest of judgment on the charges of assault and battery in resisting arrest and unlawfully resisting an officer in making an arrest to no. 181, July sessions, 1954, is granted; the motion on the charges of loitering and prowling to no. 179, July sessions, 1954, and assault and battery upon Irene Wunderlick to no. 180, July sessions, 1954, is refused. Defendant is directed to appear for sentencing on Friday, November 16, 1956, at 1:30 p.m. in room 653.

---

[3] To convict, of course, it must appear that the actions were malicious, and the jury was so charged in the following manner: "Now to prowl means to roam over or around in a stealthy, or shall we say a sneaky manner. And to constitute that offense, he must not only roam around in such a stealthy or sneaky manner, but it must be maliciously, that is, with an evil intention."