Roger **ANDERSON**, Lawrence E. Russell, and Gerald Madison, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Paul W. **SHAVER**, Chief of Police of the City of Albuquerque, New Mexico, Frank Horan, City Attorney of the City of Albuquerque, New Mexico, G. B. Robertson, City Manager of the City of Albuquerque, Pete V. Domenici, Harry E. Kinney, Charles E. Barnhart, Word H. Payne, and Louis E. Saavedra, Members of the City Commission of the City of Albuquerque, New Mexico, Defendants.

Civ. No. 7398.

United States District Court
D. New Mexico.

Aug. 5, 1968.

Paul A. Phillips, Jonathan B. Sutin, Albuquerque, N. M., for plaintiffs.

Frank Horan, City Atty., Albuquerque, N. M., Thomas J. McMahon, Asst. City Atty., City of Albuquerque, and Frank M. Mims, Albuquerque, N. M., for defendants.

MEMORANDUM OPINION

BRATTON, District Judge.

The plaintiffs in the present case were arrested for and convicted of vagrancy and in the present action seek declaratory and injunctive relief against the ordinance [1] under which they were prosecuted on the basis that it is unconstitutional both for vagueness and as applied.

---

1. The ordinance reads in pertinent part as follows:
   § 24. Vagrancy. Vagrancy shall consist of either;
   E. Loitering about or on any public, private, or parochial school, college, seminary grounds, or buildings, either on foot or in any vehicle, without lawful business there.

On May 16, 1967, the plaintiffs went to Highland High School for the purpose of distributing anti-draft literature to the students. They had not asked permission to do so. They arrived shortly before the afternoon dismissal and grouped themselves around a tree on the school grounds. They were seen by a school official, who approached them and asked if they had permission to be on the grounds. They replied that they did not, and the school official told them that no one was allowed to distribute materials on the school grounds without the permission of the city school administration.

The plaintiffs removed themselves to the gutter adjacent to the school sidewalk, where they attempted to pass out their leaflets.

By now the school had contacted the police, and Officer Ford had arrived on the scene. He ordered the plaintiffs out of the street.

There is some conflict in the evidence as to exactly when he arrived and where the plaintiffs were standing when he came. At any rate, the plaintiffs complied with his order and moved their operations to a vacant lot across the street from the school grounds.

Meanwhile school had been dismissed, and literature was being handed to students who had come out of the building. Some of the students reacted with hostility to the presence of the plaintiffs, and an atmosphere of anger and tension rapidly built up.

Officer Ford radioed for help and, pending its arrival, followed the plaintiffs onto the vacant lot.

A police sergeant and another officer arrived shortly, and they and the school officials dispersed the students and restored order. Then the sergeant, acting upon the advice of Officer Ford and the school officials that plaintiffs had been on the school grounds without permission, placed the plaintiffs under arrest.

The plaintiffs were taken to the police station and booked for violating the vagrancy ordinance. They were subsequently convicted of the charge in municipal court, and the appeal of these convictions is presently pending in the Bernalillo County District Court.

The ordinance, which has not yet been construed by the highest court of New Mexico, is attacked first upon the ground that it is void for vagueness. Men of ordinary intelligence, the plaintiffs assert, must guess at its meaning and differ as to its application. This contention can be resolved by examining both the language of the ordinance itself and the decisions of those courts which have had occasion to construe similar language against which the same charge has been leveled. In re Huddleson (People v. Hill), 229 Cal.App.2d 618, 40 Cal. Rptr. 581 (1964); Phillips v. Municipal Court of Los Angeles, 24 Cal.App.2d 453, 75 P.2d 548 (1938); Dominguez v. City and County of Denver, 147 Colo. 233, 363 P.2d 661 (1961).

In *Huddleson*, a statute defining loitering about any public school as vagrancy was attacked as vague and indefinite. The Court there gave the term "loiter" a restricted meaning so as to give effect to the legitimate legislative purpose of protecting children from those who idle around school grounds for the purpose of committing a crime. The present ordinance has even more clarity and certainly in that it defines what kind of loitering is forbidden, i. e. that done "without lawful business there." The term "lawful business" has, in turn, been held to be sufficiently certain to apprise the individual of what is prohibited. Dominguez v. City and County of Denver, supra.

Thus, in giving effect to the presumption of validity in favor of the ordinance, In re Huddleson (People v. Hill), supra, it cannot be said that the present ordinance would be unconstitutionally vague if it were to be so construed by the courts of New Mexico.

Plaintiffs' second contention is that the ordinance is void as applied. Dispositive of this issue is Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.

2d 182 (April 22, 1968). In the present case, as in *Cameron*, the question of the guilt or innocence of the persons charged with violating the ordinance is not before the Court. The issue presented by plaintiffs' second contention is whether the ordinance was enforced against these persons in bad faith and for the purpose of discouraging their protected First Amendment rights. Id. 390 U.S. at 618, 88 S.Ct. at 1339, 4321–22.

The evidence does not establish bad faith enforcement designed to interfere with protected freedoms. The evidence is uncontradicted that the school officials believe that no one has the right to be on the school grounds without permission and that the Albuquerque police believe that anyone who goes on any school grounds without permission violates the ordinance. Indeed, the police have uniformly so applied the ordinance.

The ordinance does not state that being on the grounds without permission constitutes vagrancy. This is not to say that one which does would be unconstitutional, for it has been held that the contrary is true. See People v. Sprowal, 18 N.Y.2d 683, 273 N.Y.S.2d 430, 219 N.E. 2d 878 (1966); People v. Johnson, 6 N. Y.2d 549, 190 N.Y.S.2d 649, 161 N.E.2d 9 (1959). However, to interpret the ordinance here under attack as saying what the officials believe it says would raise serious constitutional questions, for it, unlike the statute in *Sprowal* and *Johnson*, does not state that permission to be on school grounds is required.

Nevertheless, the possibility of the erroneous application of the present ordinance does not rise to the level of the special circumstances or bad faith required to justify this Court's intervention in state proceedings. Cameron v. Johnson, supra, 390 U.S. at 619, 88 S.Ct. at 1340. This is particularly true where, as here, the plaintiffs are not seeking relief after their arrest and before trial. The plaintiffs in the present case went to trial and filed here only after a decision adverse to them was rendered by the municipal court. They also have filed appeals from that decision, but, upon the filing of this suit, the setting in the state district court was vacated. That their appeal has not been heard is due to their own decision to not request that it be heard.

There has been no claim that the state court will delay or deny their appeal. Nor is there any showing that the plaintiffs' rights will not be protected by orderly state proceedings.

It is not intended that anything herein be construed as a finding of either the guilt or innocence of the plaintiffs under a valid construction of the ordinance. The findings herein are only that the ordinance can be construed so as to have that certainty of meaning essential to its constitutionality and that plaintiffs have shown no special circumstances necessitating the intervention of a federal court.

Under such circumstances, the declaratory and injunctive relief sought by plaintiffs must be denied. An order granting judgment for the defendants will be entered herein, together with this Memorandum Opinion containing the Court's Findings of Fact and Conclusions of Law.