535 P.2d 1299

The STATE of Arizona ex rel. Joe R. PURCELL, Phoenix City Attorney, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and the Honorable Yale McFate, Judge thereof; and Albert Lynn NAYLOR, Defendant and Real Party in Interest, Respondents.

No. 12070.

Supreme Court of Arizona,
In Banc.

May 29, 1975.

Rehearing Denied June 24, 1975.

Joe R. Purcell, City Atty. by Donald P. Williams, Asst. City Atty., Phoenix, for petitioner.

Wykoff, Charles & Coffinger by Richard D. Coffinger, Glendale, for defendant and real party in interest Naylor.

HOLOHAN, Justice.

The Respondent Real Party in Interest, Albert Lynn Naylor, was charged with violation of A.R.S. § 13–712(9), as amended in 1970, commonly referred to as "trespass by loitering." He was found guilty in the Municipal Court of the City of Phoenix, from which judgment and sentence he appealed to the superior court for a trial de novo.

Prior to trial in the superior court, the Respondent Naylor filed a motion to dismiss the prosecution on the grounds that the statute under which he was charged was unconstitutional. The superior court granted the motion and dismissed the prosecution.

The State brought this Petition for Special Action and we accepted jurisdiction.

The sole question presented is whether A.R.S. § 13–712(9) is constitutional.

The statute in question reads, in part:

"A person is guilty of a misdemeanor, punishable by a fine of not more than three hundred dollars, by imprisonment in the county jail for not more than six months, or both, who wilfully commits any trespass by either:

.    .    .    .    .    .

"9. Loitering or prowling upon the private property of another, without the consent of or lawful business with the owner or occupant thereof." A.R.S. § 13–712(9).

The subsection in question is one of a list of eleven enumerating the methods of trespass upon property which are punishable by law. A.R.S. § 13–712. The word "loitering" is used to describe a type of conduct which is proscribed when engaged in upon the private property of another, without the consent of or lawful business with the owner or occupant thereof.

We have defined "loiter" generally as "to be slow in moving; delay; linger; saunter; lag behind." State v. Starr, 57 Ariz. 270, 272, 113 P.2d 356 (1941). In that case, we held that the word "loiter" does not signify anything bad or criminal except when given that significance in a criminal ordinance or statute. State v. Starr, *supra*. In A.R.S. § 13–712(9) loitering is deemed criminal only in a specific place and under specific circumstances.

Nevertheless, the mere use of the word "loiter" calls up the specter of the various statutes which have been called into question in many jurisdictions. Many of these statutes have been held to be unconstitutional.

The standards to be applied in testing the constitutionality of so-called loitering statutes were enunciated in Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). In voiding an ordinance which made criminal "persons wandering or strolling around from place to place without any lawful purpose or object, habitual loafers . . . persons able to work but habitually living upon the earnings of their wives or minor children,"

Papachristou v. City of Jacksonville, 405 U. S. at 157 n. 1, the Court found it objectionable on two grounds:

"This ordinance is void for vagueness, both in the sense that it 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute,' United States v. Harriss, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989, and because it encourages arbitrary and erratic arrests and convictions. Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093; Herndon v. Lowry, 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed. 1066." 405 U.S. at 162.

■ Applying the standard announced in Papachristou v. City of Jacksonville, *supra*, the Arizona statute is not void for vagueness. The definition of "loitering" propounded by this Court in *Starr* was taken from the dictionary. The use of the term in the context of the conduct prohibited by the statute gives fair notice of what is prohibited.

■ The second prong of the Papachristou test is the encouragement of arbitrary and erratic arrests and convictions. To obtain a conviction under A.R.S. § 13–712(9), the State must prove the defendant was willfully: 1) loitering or prowling, 2) upon the private property of another and 3) without the consent of or lawful business with the owner or occupant. The requirement to establish each and all of these three elements beyond a reasonable doubt is a sufficient safeguard against arbitrary and erratic arrests and convictions.

■ Respondents have alleged that, in addition to being vague, the statute in question is overbroad. While a statute may often be found both vague and overbroad at the same time, the two concepts are distinct. A statute is too vague when it fails to give fair notice of what it prohibits. It is overbroad when its language, given its normal meaning, is so broad that the sanctions may apply to conduct which the state is not entitled to regulate. State v. Starks, 51 Wis.2d 256, 186 N.W.2d 245 (1971).

■■ The statute is not overbroad. At common law, any unauthorized physical presence on another's property is a trespass, 75 Am.Jur.2d *Trespass* § 10. Far from extending the concept of trespass, the instant statute reduces it in scope to those trespasses which involve loitering or prowling upon another's property. The inadvertent setting foot upon the property of another or the innocent crossing of another's property is not made criminal by this statute.

Respondent has cited a number of cases in which the word "loiter" was used in a statute or ordinance which was found to be unconstitutional. See especially State v. Starks, *supra,* and Balizer v. Shaver, 82 N.M. 347, 481 P.2d 709 (1971). In the cited cases and others referred to by Respondent Naylor, the statutes or ordinances proscribed "loitering" in general terms. In addition, the questioned laws failed to distinguish between private property, which has traditionally been protected from intrusion, and public property which has traditionally been open to members of the public absent an important reason for limiting or closing its use. On the other hand, as pointed out in State v. Starks, *supra,* "loitering" statutes have been upheld as constitutional when they are limited in scope, directed at preventing specific conduct, and provide fair warning or notice of the proscribed conduct. The Arizona statute falls in this latter category.

The order of dismissal by the superior court is set aside and the cause will be tried within 30 days of receipt by the superior court of the mandate of this Court.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HAYS, JJ., concur.