**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STANLEY A. ANTLOCER, | No. 11-15275 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01072-GMS |
| v. | |
| BAYVIEW LOAN SERVICING, LLC; GEOFF ADAMS, AKA Action Adams, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted November 19, 2013**

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Stanley A. Antlocer appeals pro se from the district court's dismissal and

summary judgment order in his action arising out of foreclosure proceedings.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo both a district

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's dismissal with leave to amend and a grant of summary judgment. *Sameena Inc. v. U.S. Air Force*, 147 F.3d 1148, 1151 (9th Cir. 1998). We affirm.

The district court properly dismissed Antlocer's claims against defendant Bayview Loan Servicing, LLC because the allegations in Antlocer's first amended complaint did not "plausibly suggest an entitlement to relief," and Antlocer failed timely to amend the deficiencies in his claims as instructed by the court. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *see also Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1171 (9th Cir. 2013) ("Arizona law recognizes a successor trustee's authority to initiate and conduct a foreclosure sale after the borrowers' default, without any requirement that the beneficiary demonstrate possession of the note underlying the deed of trust.").

The district court properly granted summary judgment on Antlocer's trespass claim against defendant Adams because Antlocer failed to raise a genuine dispute of material fact as to whether Antlocer owned the property at the time of the alleged trespass. *See State ex rel. Purcell v. Superior Court In & For Maricopa Cnty.*, 535 P.2d 1299, 1301 (Ariz. 1975) (under Arizona law, trespass is "any unauthorized physical presence on another's property").

We do not consider whether the district court's denial of Antlocer's request for a preliminary injunction was proper because that issue has "merged" with

Antlocer's substantive appeal regarding his claims. *See SEC v. Mount Vernon Mem'l Park*, 664 F.2d 1358, 1361-62 (9th Cir. 1982).

Antlocer's request for judicial notice of the fact that writing his name in capital letters on court orders constitutes an attempt to make a corporation out of him, and that this court cease doing so, set forth on the cover of his reply brief, is denied.

Antlocer's contentions regarding judicial misconduct and alleged delays by defendants in answering his pleadings are unpersuasive and unsupported by the record.

**AFFIRMED.**

11-15275